**Donald Ray YOUNT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–89–179–CR.**

Court of Appeals of Texas,
Austin.

April 17, 1991.

Ian Inglis, Austin, for appellant.

Ken Anderson, Dist. Atty., Sally Ray, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and TOM G. DAVIS *, JJ.

TOM G. DAVIS, Justice (Retired).

After finding the appellant guilty of aggravated sexual assault on a child,[1] the jury assessed punishment, enhanced by two prior felony convictions of an unrelated nature, at ninety-nine years. In appellant's first point of error, he complains that the State improperly bolstered the child complainant's testimony. In light of our disposition of appellant's first point of error, we find it unnecessary to review appellant's remaining point of error. We will reverse the conviction and remand the cause for a new trial.

The State urges that appellant's point of error does not present anything for appel-

late review since it alleges misconduct of counsel rather than error by the court. We find that appellant sufficiently apprised the court of the point relied on. *See* Tex.R. App.P.Ann. 74(p) (Pamph.1990).

■ The eight-year-old complainant (seven years of age at the time of the offense) testified that appellant, a resident of the same apartment complex where complainant lived, asked her to come into his apartment on the occasion in question. Complainant related that appellant had her sit on his lap, kissed her and "stuck his finger in my pee pee." Appellant then took her in a closet where "He stuck his wee wee out, then he stuck his pee pee—I mean he stuck his fingers up my pee pee."

Apparently, complainant's six-year-old sister was present during at least part of the incident and went home to tell her mother what had occurred. Complainant's mother testified that as a result of what her six-year-old daughter told her about what was transpiring, she sent her thirteen-year-old son to get complainant. When complainant returned home, "She was a little upset, nervous, excited." A lengthy conversation followed in which complainant related to her mother the events that had occurred in appellant's apartment. The mother's testimony regarding this conversation is consistent with the testimony complainant gave at trial.

A voluntary statement made by appellant was admitted into evidence in which appellant states that the complainant, along with other children, came to his apartment on the occasion in question and asked for something to drink. Appellant's statement further relates that "The little girl came and sat on my lap." Appellant's statement did not reflect that any sexual contact was made.

Complainant's thirteen-year-old brother testified that before his mother sent him to appellant's apartment, he had been in the apartment and had seen his sister sitting on appellant's lap. He observed "her head was on her chest and his arms around her

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

1. *See* Tex.Pen.Code Ann. § 22.021 (1989).

back." Before leaving appellant's apartment he told his sister "it wasn't nice to be sitting on him because it's not nice to do that."

Dr. Beth Nauert, an Austin pediatrician, testified that she examined complainant on August 30, 1988. The examination began with an interview, in which the child related facts comporting with the testimony the child gave at trial. Dr. Nauert's physical examination of the vaginal area failed to reveal any tearing or scarring. Dr. Nauert stated that actual tears or scars are found in less than half the female children that report a history of digital or finger penetration of the vagina. After Dr. Nauert stated the reasons why scarring and tearing do not always occur in young children, the following exchange occurred between the prosecutor and Dr. Nauert:

Q: You testified you've interviewed and examined hundreds of children that have claimed of being either fondled or penetrated either with penis, foreign object or with a finger; is that correct?

A: That's correct.

Q: Okay. Of those hundreds that you've examined, how many have you found to be unfounded?

A: I'm sorry. When you mean invalid, that the child was not telling the truth?

Q: Right, or unfounded that you—

MR. HIGGINBOTHAM [defense counsel]: I'm going to object to this. This is an attempt to bolster that child's testimony. It's not a proper question and I'll object to a response from it. It's not relevant.

MR. BRANSON [prosecutor]: I think it is relevant, Your Honor. She testified she's examined hundreds of children and could testify as to how many unfounded claims that she's later determined and ascertained.

MR. HIGGINBOTHAM: That's just a roundabout way to bolster the child's testimony. It's not proper. I object to that.

THE COURT: Objection overruled.

A: I have seen very few cases where the child was actually not telling the truth.

Rule 702, Tex.R.Crim.Evid.Ann. (Pamph. 1990) provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In *Duckett v. State*, 797 S.W.2d 906 (Tex. Cr.App.1990), the court held admissible under Rule 702 expert testimony that provided a jury with information concerning child sexual abuse syndrome and applied elements of the syndrome to the facts of the case. *Id.* at 915–17. The court noted that expert testimony was admissible, even if it embraces an ultimate issue, "regardless of any incidental effect of bolstering the particular party's case." *Id.* at 917. However, the court cautioned that the use of expert testimony by the prosecution for the purpose of bolstering its own witness does not come within the rule, stating:

It is a well settled rule in this State the prosecution may not bolster or support its own witnesses unless they have been impeached on cross-examination. An unimpeached witness may not be bolstered simply because his or her testimony may be disbelieved; it is only when a witness is placed in a position of having testified differently from earlier testimony that a party will be permitted to bolster its own case. The bolstering testimony must be related to the impeachment to be admissible.

*Id.* at 918 (citations omitted).

In *Farris v. State*, 643 S.W.2d 694 (Tex. Cr.App.1982), reversible error resulted from the State's introduction of a psychiatrist's testimony during rebuttal that children were incapable of fantasizing about the type of deviate sexual conduct that formed the basis of the offense in question. The court stated, "It is a well-settled rule in this and other jurisdictions that the State may not bolster or support its own witnesses unless they have been impeached on cross-examination." *Id.* at 697.

The State does not identify, nor do we find any, impeachment of the complainant in the instant case. While it may be urged that the complained-of testimony had the effect of showing that the lack of tearing or scarring is not unusual where there has been sexual abuse of the child, we believe that the inescapable impact of the doctor's testimony upon the jury was that children tell the truth under these circumstances. We conclude that the testimony constituted bolstering of unimpeached testimony and its admission was reversible error.

■ The State urges that any error in the admission of Dr. Nauert's testimony is harmless beyond a reasonable doubt. Rule 81(b)(2), Tex.R.App.P.Ann. (Pamph.1990) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

In *Orona v. State*, 791 S.W.2d 125 (Tex. Cr.App.1990), the court analyzed harmless error in terms of the standard of review in Rule 81(b)(2), stating:

To determine whether the error is harmless, we must calculate as much as possible the probable impact of the error on the jury in light of the existence of the other evidence. In the context of a harmless error analysis, it is important to note that "other evidence" is the entire record. The task before us is not to determine the harmfulness of the error simply by examining whether there exists overwhelming evidence to support appellant's guilt. Rather, we must examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, we must consider how much weight a juror would probably place upon the error. In addition, we must determine whether declaring the error harmless would encourage the State to repeat it with impunity. We focus our attention on whether the error at issue might possibly have prejudiced the jurors' decision-making, and whether the jurors were able to properly apply the law to the facts in order to reach a verdict. It is the effect of the error and not the existence of overwhelming evidence or the lack thereof that dictates our judgment. *Id.* at 130 (citations omitted).

There is circumstantial evidence tending to support complainant's testimony, but her testimony was the only direct evidence that appellant's acts constituted an assault. Prior to stating that she had seen very few cases of children who claimed to be fondled or penetrated when the child was not telling the truth, Dr. Nauert testified that she had examined and interviewed "between 400 and 500 children" who had been sexually abused. Under cross examination, Dr. Nauert stated that she based her impressions upon what the complainant told her since her additional examination did not reveal any evidence of an assault having occurred.

Applying the standards announced in *Orona* in analyzing harmless error under Rule 81(b)(2), we cannot conclude beyond a reasonable doubt that the complained-of evidence did not contribute to appellant's conviction.

The judgment is reversed and the cause remanded.