IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-495-CR





DAVID GRIFFIN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0925352, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child. Tex. Penal
Code Ann. § 22.021 (West 1989). The district court assessed punishment, enhanced by two
previous felony convictions, at imprisonment for forty-five years.

 Appellant brings forward two points of error, each complaining of the overruling
of a motion for mistrial. The first motion was made after the complaining witness's mother
referred to appellant as a schizophrenic. The statement was made while the prosecutor was
questioning the witness about her daughter's outcry statement.



Q. Would you tell us what it was that she [the complainant] told you?


A. Uh-huh. We moved to Kensington [Apartments] and this other girl --


Q. Well, now --


A. -- met him, David, me and David. And she said she had been knowing David
for a long time and that he was a schizophrenic.



Appellant's objection to this statement was sustained and the court twice instructed the jury not
to consider it. The witness continued her testimony after being admonished by the court and the
prosecutor to relate only what she was told by her daughter, the complainant.

 If a timely objection is made to an improper remark and the court instructs the jury
to disregard, the error is cured except in extreme cases. Stoker v. State, 788 S.W.2d 1, 13 (Tex.
Crim. App. 1989). This is not an extreme case. Appellant's reliance on Sparks v. State, 820
S.W.2d 924 (Tex. App.--Austin 1991, no pet.) is misplaced. In that case, the prosecutor
deliberately elicited testimony that the State's witness had agreed to take a polygraph test. The
objectionable statement by the complainant's mother was gratuitous and not responsive to the
prosecutor's question. We hold that the harm was cured by the district court's instructions to
disregard and that the court did not err by overruling appellant's motion for mistrial. Point of
error one is overruled.

 Appellant's second motion for mistrial was made during the testimony of Kimberly
Piper, a neighbor of the complainant and her mother. Piper was questioned by the prosecutor as
follows:



Q. Around the end of July of last year, did anything unusual happen with respect
to [the complainant] that came to your notice?


A. Yes, it did.


Q. And I'd like you, without saying what anybody told you, tell me, or tell the
jury, what you -- well, hang on. Let me ask you first: just generally, what
was it that you understood had happened?


A. That he had had sex with [the complainant].


Q. That he who?


A. David Griffin had sex with [the complainant].



Again, appellant's objection was sustained, the jury was instructed to disregard, and appellant's
motion for mistrial was overruled. The witness went on to describe an incident in which she was
with the complainant's mother outside her apartment: 


Kay was trying it [sic] get into the apartment. She was knocking on the door and
it took him [appellant] a long time to get to the door. And he was in there and he
was zipping up his pants. And [the complainant] was standing in the doorway
crying.


Q. In the door? What doorway?


A. Her bedroom doorway crying.



 This point of error presents a more serious question than the first since the
statement complained of was made in response to a question apparently designed to elicit the
answer given. Nevertheless, we believe that the instruction to disregard was sufficient to cure any
error. From Piper's subsequent description of the incident at the apartment doorway, the jury
could easily infer that Piper believed appellant had sexually assaulted the girl. See Andrews v.
State, 289 S.W.2d 262, 266 (Tex. Crim. App. 1956). Under the circumstances, the witness's
opinion that appellant had sexual intercourse with the child, even if considered by the jury, would
have had little, if any, impact on the jury in reaching a verdict. Stoker, 788 S.W.2d at 13. 

 Appellant relies on Yount v. State, 808 S.W.2d 633 (Tex. App.--Austin 1991), aff'd,
No. 617-91 (Tex. Crim. App. 1993). In that case, a physician was permitted to testify as an
expert that the complainant was telling the truth. The present cause is distinguishable because
Piper did not purport to be an expert and because the jury was instructed to disregard her
conclusory testimony. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: March 23, 1994

Do Not Publish