TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00565-CR






Donald Ray Yount, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 88-626-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 Appellant Donald Ray Yount challenges a judgment adjudicating him guilty of the offense
of aggravated sexual assault. See Tex. Penal Code Ann. § 22.021 (West 1989). In four points of error,
appellant claims that the conviction is barred by double jeopardy provisions of the federal and state
constitutions and that his plea of no contest to the offense was involuntary. We will affirm the conviction.


FACTUAL AND PROCEDURAL BACKGROUND

 In May 1989, appellant was originally tried and convicted of aggravated sexual assault of
an eight-year-old female child. The conviction was reversed on appeal and the cause was remanded for
a new trial. See Yount v. State, 808 S.W.2d 633 (Tex. App.--Austin 1991), aff'd, 872 S.W.2d 706
(Tex. Crim. App. 1993). On retrial in October 1994, appellant entered a plea of no contest to count one
of the indictment, alleging aggravated sexual assault, and to count two, alleging indecency with a child. See
Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen. Laws 3474 (Tex. Penal Code Ann.
§ 21.11, since amended). Pursuant to a plea agreement, the court deferred adjudication on count one and
placed appellant on ten years of community supervision with specified conditions. As to count two,
appellant was found guilty of attempted indecency with a child and sentenced to seven years in prison. In
March 1996, the State filed a motion to proceed to adjudication on the aggravated sexual assault count,
alleging that the defendant had violated his conditions of community supervision by sexually assaulting
another child. After a hearing, the court found the allegations to be true, adjudicated appellant guilty of
aggravated sexual assault, and sentenced him to life in prison. Appellant filed a general notice of appeal.


DISCUSSION A defendant who pleads guilty pursuant to a plea bargain may challenge by general notice
of appeal only (1) jurisdictional errors and (2) nonjurisdictional errors that affect the voluntariness of his
plea. See Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996); Moss v. State, 938 S.W.2d
186, 189 (Tex. App.--Austin 1997, pet. ref'd). Appellant asserts both types of error. In his first point
of error, appellant contends his conviction of aggravated sexual assault is barred by the double jeopardy
clause of the U.S. Constitution. U.S. Const. amend. V. He asserts that his previous conviction of the
lesser included offense of attempted indecency with a child bars the later adjudication of aggravated sexual
assault. See Marles v. State, 919 S.W.2d 669, 672 (Tex. App.--San Antonio 1996, pet. ref'd); Pullin
v. State, 827 S.W.2d 1, 3 (Tex. App.--Houston [1st Dist.] 1992, no pet.). He argues that in the original
trial in 1989, the trial court submitted the indecency count to the jury as a lesser included offense to the
aggravated sexual assault count, and that on retrial, therefore, his conviction on count two for the attempted
indecency with a child acquitted him on count one of the greater offense of aggravated sexual assault.

 The State asserts several responses to appellant's first point of error. First, the State
contends that the issue of double jeopardy is not properly before this Court because it is not a jurisdictional
issue. In absence of a proper notice of appeal following a bargained guilty plea, an appellate court does
not have jurisdiction to consider a nonjurisdictional defect (other than voluntariness of the plea) raised by
appellant. See former Tex. R. App. P. 40(b)(1); (1) Watson v. State, 924 S.W.2d 711, 714 (Tex. Crim.
App. 1996). To preserve error on other issues, appellant must give timely notice of appeal specifying that
the trial court granted permission to appeal or specifying that those matters were raised on written motion
and ruled on before trial. See former Tex. R. App. P. 40(b)(1). In the present case, the notice of appeal
does not state that the trial court gave appellant such permission, nor does the record reflect that appellant
filed any pre-trial motion on the double jeopardy issue. Appellant asserts that double jeopardy is a
jurisdictional issue because it affects the trial court's authority to carry the judgment into execution. He
contends that once the trial court convicted and sentenced him on count two, it lost authority to convict and
sentence him on count one. We reject this argument. This Court has previously expressed an unwillingness
to find double jeopardy to be a jurisdictional issue absent such a holding by the court of criminal appeals. 
See Berrios-Torres v. State, 802 S.W.2d 91, 94 (Tex. App.--Austin 1990, no pet.). Because appellant
presents no reason for us to abandon that position, we continue to conclude that double jeopardy is not
a jurisdictional issue.

 Furthermore, even if the issue of double jeopardy were properly before this Court,
appellant has failed to point out adequate grounds for the claim. The conviction on count one was not
barred by a conviction on count two because evidence of more than one incident was presented. "Those
who commit multiple discrete assaults against the same victim are liable for separate prosecution and
punishment for every instance of such criminal conduct." Vernon v. State, 841 S.W.2d 407, 410 (Tex.
Crim. App. 1992); see also Hughes v. State, 673 S.W.2d 654, 656-57 (Tex. App.--Austin 1984, pet.
ref'd). In the present case, one incident of sexual contact was shown to have occurred while appellant and
the complainant sat on the couch in his apartment, and a second incident of contact was shown to have
occurred later when appellant took the child into a closet. Because there was evidence of two discrete
incidents, it was permissible to have two separate convictions: an attempted crime as to one incident
(indecency with a child) and the completed crime as to the other incident (aggravated sexual assault). 
Appellant suggests that the indictment did not indict him on the incidents separately and that to convict him
separately, the State should have re-indicted him. However, appellant made no motion to quash the
indictment and therefore preserved no error on this issue. Furthermore, the trial court's instructions to the
jury in the 1989 trial of the defendant were not, after remand, binding on the later court, which found
appellant guilty on both counts. Appellant's first point of error is overruled.

 In his second point of error, appellant suggests protections in the Texas Constitution against
double jeopardy are broader than those in the United States Constitution, and that the Texas Constitution
would bar the adjudication in this case. Tex. Const. art. I, § 14. The court of criminal appeals has held
the state and federal double jeopardy provisions to be conceptually identical. Stephens v. State. 806
S.W.2d 812, 814-15 (Tex. Crim. App. 1990), cert. denied, 502 U.S. 929 (1991). It is true that, for
certain purposes, the double jeopardy provision of the state constitution has been interpreted more broadly
than its federal counterpart. See Bauder v. State, 921 S.W.2d 696, 699 (Tex. Crim. App. 1996). In
Bauder, the court interpreted the state provision regarding mistrials provoked by prosecutorial misconduct
more expansively than corresponding federal provisions. Id. That is not the issue in this case. Here,
appellant requests a generally broader interpretation of the state provision to include his situation, but
presents no reasoning to support such a broader interpretation. Under the facts presented, we find no
violation of the double jeopardy provision of the Texas Constitution. Point of error two is overruled.

 In his third point of error, appellant contends that he was denied due process of law under
the United States Constitution because his plea was involuntary. See U.S. Const. amends. V, XIV. 
Appellant argues that had he known of the double jeopardy issue involved, he would not have agreed to
the plea. A defendant's plea of guilty must be voluntary, knowing, and with sufficient awareness of the
relevant circumstances and likely consequences. Brady v. United States, 397 U.S. 742, 748 (1970). 
A plea that is not knowingly and voluntarily entered does not comply with due process of law. McCarthy
v. United States, 394 U.S. 459, 466 (1969). To assure a plea is voluntary, a trial court must admonish
a defendant on the range of punishment, the existence and nature of the plea agreement, immigration
consequences, and restrictions on the right to appeal. Tex. Code Crim. Proc. Ann. art. 26.13(a) (West
1989). The court must also admonish a defendant of the consequences of a violation of a condition of
deferred adjudication. See id. art. 42.12 § 5(a) (West Supp. 1998).

 Appellant complains of not being specifically informed about the double jeopardy issue
involved. As discussed above, however, appellant had no valid double jeopardy claim. Moreover, even
if there were a meritorious double jeopardy claim present, conscious waiver is not necessary with respect
to each potential defense relinquished by a plea of guilty. See United States v. Broce, 488 U.S. 563, 573
(1989) (defendant who entered knowing, voluntary pleas of guilty to two charges of conspiracy could not
thereafter attack judgment on double jeopardy basis); Ex parte McJunkins, No. 72,410, slip op. at 5
(Tex. Crim. App. September 17, 1997); see also Brown v. State, 943 S.W.2d 35, 41 (Tex. Crim. App.
1997) (to require reversal, harm must be shown as result of failure to give required information). Point of
error three is overruled.

 In his fourth point of error, appellant asserts that the trial court denied him due course of
law under the Texas Constitution because his plea was involuntary. Tex. Const. art. I, § 19. As above,
he asserts that he should have been admonished about potential double jeopardy issues. The appellate
courts of this state are obligated to determine the scope of the Texas Constitution independently of the due
process requirements of the United States Constitution. Elliott v. State, 858 S.W.2d 478, 487 (Tex.
Crim. App.), cert. denied, 114 S. Ct. 563 (1993). However, appellant presents no reason for which we
should hold that the Texas Constitution requires a trial court to specifically admonish a defendant of double
jeopardy issues, particularly under the facts of the instant case in which there is no valid double jeopardy
claim. Point of error four is overruled.


CONCLUSION

 We conclude that appellant has not preserved a valid double jeopardy claim nor shown
that his plea was involuntary under either the United States Constitution or Texas Constitution. Because
we have overruled appellant's four points of error, we affirm the conviction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 8, 1998

Do Not Publish

1. The new Rules of Appellate Procedure, effective September 1, 1997, apply to all pending
proceedings except to the extent that in the opinion of the court it would not be feasible or would work
injustice. Because appellant pleaded guilty and perfected this appeal before the new rules went into effect,
the scope of his appeal should be governed by the law then in effect.


l provisions. Id. That is not the issue in this case. Here,
appellant requests a generally broader interpretation of the state provision to include his situation, but
presents no reasoning to support such a broader interpretation. Under the facts presented, we find no
violation of the double jeopardy provision of the Texas Constitution. Point of error two is overruled.

 In his third point of error, appellant contends that he was denied due process of law under
the United States Constitution because his plea was i