**Roberto HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00364–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 26, 1992.

John Gates, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for aggravated sexual assault. Tex.Penal Code Ann. § 22.021 (1989). After a jury's verdict finding Appellant guilty, the jury assessed punishment at 65 years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant advances six points of error. In Point of Error No. One, Appellant contends the trial court abused its discretion in failing to grant his motion for continuance. In Points of Error Nos. Two through Six, Appellant argues that the trial court abused its discretion in the admission of various types of evidence.

The underlying facts of the case, in brief, indicate that Appellant and others abducted the two victims (G— and M—) at knife point, took his victims to a nearby house, locked all exits, thwarted all attempted escapes, forced his victims to ingest illicit drugs and sexually abused both his victims orally, vaginally and rectally. After being released hours later, the victims fled home and later contacted the authorities.

In his first point of error, Appellant argues the trial court erred in not granting his written motion for continuance following his claim of surprise as a result of the introduction of previously undisclosed inculpatory evidence. Initially, we note that reversal on a trial court's denial of an accused's motion for continuance is required only upon a showing that the court abused its discretion. *Hernandez v. State*, 643 S.W.2d 397, 399 (Tex. Crim.App.1982), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983). In attempting to show that the trial court abused its discretion, Appellant contends that the State unexpectedly introduced testimony indicating G— identified Appellant as one of her assailants in a series of photo lineups which entitled him to a continuance pursuant to Tex.Code Crim.Pro.Ann. art. 29.13 (Vernon 1989).

The record reveals Appellant filed a motion for discovery approximately two months prior to trial, although no ruling appears of record. Immediately prior to trial, the court ordered the State to reveal any lineups to Appellant's codefendant and inquired of the codefendant whether he wished a continuance to which his counsel stated, "I'll have to reserve that until the evidence is brought forward."

On the following day, G— took the stand and positively identified the Appellant as one of the numerous actors who sexually assaulted her repeatedly. She additionally identified Appellant's codefendant as one of the perpetrators.

The State called Carmen Rodriguez, an investigator with the El Paso County Sheriff's Department, who testified as to the mechanics implemented in using the photographic lineups. Rodriguez testified that one of the lineups contained a photograph of the codefendant's twin brother. In response to this testimony, the codefendant

requested and secured a hearing outside the presence of the jury and objected on the grounds of surprise. The Appellant joined in the objection. In his objection, the codefendant specifically alleged that the information regarding the identifications by G__ was not made available to him until immediately prior to trial. In addition, the codefendant argued that the surprise testimony was "just devastating inculpatory evidence that has been withheld from me." Consequently, the codefendant argued that he would need more time to prepare for trial and made a motion for continuance. The Appellant joined in the motion for continuance, which was overruled.

Subsequently, the investigator testified that out of seven photo lineups, G__ identified four suspects, including the codefendant—but specifically excluded the codefendant's twin brother. Subsequent to another bench conference, the trial court ruled that he would allow the investigator to continue to testify about the presence of the codefendant's twin brother in the lineup identification process. The investigator then testified that G__ specifically eliminated the codefendant's twin brother because the twin brother's eyes were different than that of the codefendant's. Both the Appellant and his codefendant elected to forego cross-examination of the investigator, arguing that they needed additional time to prepare due to the surprise testimony regarding the codefendant's twin brother. Again, the court overruled the motion for a continuance. When the State rested, the Appellant and codefendant moved for a mistrial due to the surprise testimony and also moved for directed verdicts. After the motions were overruled, the Appellant rested, and both parties closed.

Appellant alleges that the photo lineups were added to the file after he had reviewed the State's file without further notice to Appellant's counsel. He argues that such a failure of the State (compounded by the trial court's admission of the testimony) served to deprive him of a fair trial absent a continuance. We disagree. Appellant does not argue that the State intentionally failed to disclose the information, nor does he cite any authority which would require the State to notify him of the contested evidence on its own initiative. We again note that Appellant's motion for discovery seeking such evidence was not ruled upon by the court.

After trial begins, a continuance may be granted pursuant to Tex.Code Crim.Pro. Ann. art 29.13 (Vernon 1989) if (1) an unexpected event occurs which (2) could not have been anticipated through the exercise of reasonable diligence to the extent that (3) the surprise precludes the existence of a fair trial. Due to the absence of an order on Appellant's discovery motion, we conclude that reasonable diligence of obtaining such an order would have provided adequate opportunity to view the State's file, discern the presence of the lineups, and thereby eliminate any surprise or unexpected occurrence. *See Williams v. State*, 768 S.W.2d 337, 341 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). Moreover, the court specifically asked the codefendant, in a pretrial hearing the day before the evidence was introduced, if he needed more time to prepare considering the anticipated disclosure of such evidence as contemporaneously ordered by the court. The invitation was declined, and the codefendant attempted to "reserve" that option. Since the trial court did not authorize or condone such a reservation, we find it to be of no effect. Consequently, the trial court did not abuse its discretion as no "unexpected" or "surprising" event occurred during trial *which warranted* a continuance. *Id.*[1] As a result, Appellant's first point of error is overruled.

The remaining points of error contend that the trial court abused its discretion in admitting various types of evidence. The standard of review requires us to apply the following rules to each of these points. Texas Rules of Criminal Evi-

---

**1.** Even if it was error to deny the motion for continuance, the Appellant has failed to show the existence of any harm.

dence 103(a) states that "[e]rror may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected." *See also* Tex.R.App.P. 81(b)(2). Evidence which has a tendency to make the existence of any consequential fact more or less probable is generally admissible. Tex.R.Crim.Evid. 401, 402. However, Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, ... or needless presentation of cumulative evidence." The trial court is provided wide discretion in liberally construing the rules of evidence to determine the admissibility of evidence. *Egger v. State*, 817 S.W.2d 183, 185 (Tex. App.—El Paso 1991, pet. ref'd). To be successful, Appellant must demonstrate that the court clearly abused its discretion by acting arbitrarily and unreasonably, without reference to any guiding rules or principles. *See Breeding v. State*, 809 S.W.2d 661, 663 (Tex.App.—Amarillo 1991, pet. ref'd).

■ In Point of Error No. Two, Appellant contends that the trial court erred in admitting prejudicial, inflammatory and irrelevant testimony of his affiliation with a gang. Prior to trial, Appellant obtained a motion in limine forbidding the State to introduce such evidence. The testimony was elicited from the sheriff's department investigator who stated she was aware of some people in El Paso County involved in a gang called Ortiz 13. She did not, however, explicitly say that Appellant was a member of that gang. While Appellant objected to admission of the testimony as being both irrelevant and inflammatory when offered by the investigator, the testimony had previously been admitted without objection in the testimony of G__. During the previous admission of the evidence, G__ testified, "Ortiz [Appellant] screamed at me that he's the boss there, Ortiz 13." It was this testimony, not that of the investigator, that expressly linked Appellant to the gang, and it was admitted without objection. The prior admission of this more harmful evidence serves as a procedural default by Appellant which waives error, if any, to the subsequent

introduction of such testimony because an objection is required every time inadmissible evidence is offered before the jury. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Without necessitating further application of the rules of evidence, Point of Error No. Two is overruled.

■ In Point of Error No. Three, Appellant argues the trial court erred in admitting testimony of the arresting officer that Appellant was wanted in connection with outstanding aggravated sexual assault warrants. After trial had begun, but prior to the officer's testimony, the court held a hearing outside the presence of the jury in which it ruled that the officer could testify to the existence of the outstanding warrants pertaining to the instant case. Upon the jury returning, El Paso Police Officer Antonio Alvarez testified he was driving on Interstate 10 when he recognized a vehicle as one which he had prior knowledge indicating the owner and his associates were wanted on several outstanding warrants. The officer's testimony before the jury does not specify for what crime the warrants were issued. When Alvarez attempted to stop the vehicle, the driver, Appellant's codefendant, attempted to evade the officer at a high rate of speed, ran two red lights, lost control of the vehicle and crashed into a concrete pillar supporting an overpass. Alvarez identified both Appellant and his codefendant as two of the occupants of the vehicle who were subsequently arrested.

On appeal, Appellant asserts that the testimony relating to Alvarez' knowledge of the outstanding warrants was improperly admitted over the extraneous offense objection. At the hearing, prior to the offer of Alvarez' testimony, the codefendant's counsel argued that a prior motion in limine by Appellant covered any potential extraneous offense problems, but he wanted to make sure that he had similarly protected the codefendant. Counsel argued evidence of pending charges substantiated by the warrants should be inadmissible as it might indicate the commission of other

crimes. While the court sustained arguments of counsel regarding the inadmissibility of evidence regarding weapons and evading arrest charges (stemming from the chase), it overruled the part of the motion in limine pertaining to existence of the outstanding warrants for the instant offense.

■ The issue is whether the trial court abused its discretion admitting such testimony. We need not address the substance of the issue because the testimony, when introduced before the jury, was admitted without objection. Neither the granting nor denial of a motion in limine is alone sufficient to preserve error for appellate review; error is properly preserved by objecting at the very time the evidence is offered at trial before the trier of fact. *Webb v. State*, 760 S.W.2d 263, 275 (Tex. Crim.App.1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989). *Romo v. State*, 577 S.W.2d 251, 252 (Tex. Crim.App.1979).[2] Failure to timely object to testimony *at trial* waives any error in admission of the evidence. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App.), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988).

Alvarez' testimony was not offered into evidence nor formally admitted during the hearing. After the jury returned, however, Alvarez testified to the jury (*i.e., at trial*) about his knowledge of the existence of outstanding arrest warrants for persons likely to be driving the suspect vehicle. It is at this point that: (1) the testimony was offered into evidence; and (2) an objection must then be raised at the earliest time to either prevent admission of the evidence or preserve error. *See, e.g., Jacobs v. State*, 787 S.W.2d 397, 406 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 111 S.Ct. 231, 112 L.Ed.2d 185 (1990) (preservation requires

contemporaneous objection); *Bethune v. State*, 803 S.W.2d 390, 391 (Tex.App.— Houston [14th Dist.] 1990, no pet.) (objection and ruling required when offered before jury).[3] Since the evidence was offered without objection, any error in admitting the evidence was waived. Tex.R.Crim. Evid. 103(a)(1). *See also* Tex.R.App.P. 52(a). Due to such waiver, we need not determine whether the court abused its discretion, and the point of error is overruled.

■ In his fourth point of error, Appellant complains of error in allowing the State, over objection, to elicit testimony from Alvarez indicating he was engaged in other crimes at the time of his arrest. On redirect, Alvarez testified that the path of the defendants' attempt to evade the officer could have provided easy access into the Republic of Mexico. The State then asked whether Mexico and the United States had a reciprocal extradition treaty. Appellant objected as to relevance and argued the implication of flight to Mexico was unsubstantiated. The trial court overruled the objections. Alvarez continued by stating that Mexico would not extradite Mexican citizens. On appeal, Appellant urges the State's efforts were underhanded and improper because (1) the implication of flight into Mexico is not supported by any factual predicate and (2) the evidence suggests the defendants were citizens of Mexico.

Appellant's assertions are supported by an argument that such testimony injected the existence of extraneous offenses. While Appellant's trial objection does not explicitly address extraneous offenses, we find Appellant's true complaint was obvious to both the court and the State. *See Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App.1991, on own motion for re-

---

**2.** The manner in which error is preserved from a motion in limine is distinguishable from a situation involving a motion to suppress. *See Wyle v. State*, 777 S.W.2d 709, 715 (Tex.Crim. App.1989).

**3.** *Contra* Tex.R.Civ.Evid. 103(a)(1). We note a controlling distinction between the rules of criminal and civil evidence. Under the civil rule, objections raised against evidence (and the rulings thereon) offered out of the presence of

the jury are "deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections." Id. This language is conspicuously absent from the criminal rules of evidence. In order to provide meaning to the absence of such a provision from the rules, we conclude the lack of an objection to the evidence when offered before the jury waived any error.

hearing). Thus, the point is preserved. Once such a complaint is properly lodged, the State must satisfy the trial court that the contested act of the accused has relevance apart from proving the accused's conforming character. *Montgomery,* 810 S.W.2d at 372, 387. While Appellant did object, he did not request that the State articulate the purpose for which the evidence was being offered as required in *Montgomery.* Without the necessary record before us, we must presume that the trial court did not abuse its discretion by its implied finding that the evidence tended to prove some fact other than character conformity by the accused. *See Id.*

Consequently, we conclude that the trial court did not err in admitting the testimony. Furthermore, Appellant did not request submission of a limiting instruction as to the purpose of the evidence after it was admitted. Even assuming *arguendo* the presence of error, Appellant has not illustrated how the error was indeed harmful as per Tex.R.App.P. 81(b)(2). *See Id.* at 397. We are unable to perceive how this short, one time alleged flight to Mexico contributed to Appellant's conviction. Therefore, we determine beyond a reasonable doubt that any error in the admission of the testimony was harmless. As a result, we overrule Point of Error No. Four.

■ In Point of Error No. Five, Appellant contends the trial court erred in admitting testimony, during the punishment phase of the trial, of the long term effects of the offense upon G— as stated by her mother.

■ Victim impact evidence is admissible as evidence regarding the circumstances of defendant's offense, as long as the fact finder can rationally attribute moral culpability to the defendant for the injury sustained. *Miller–El v. State,* 782 S.W.2d 892, 896 (Tex.Crim.App.1990). *See also Stavinoha v. State,* 808 S.W.2d 76, 78–79 (Tex.Crim.App.1991). As Appellant

notes in his brief, vigorous and repeated objections were levied to much of the testimony by G—'s mother. On appeal, Appellant argues, as he did at trial (along with codefendant's counsel), that the testimony was inflammatory, irrelevant and called for speculation on the part of the witness. While several of the objections were overruled, the trial court sustained a majority of the objections.[4]

Therefore, as to those objections which were overruled, the issue before us is whether the evidence bore some relationship to Appellant's personal responsibility and moral guilt. We conclude that it did. As did the Court of Criminal Appeals in Stavinoha, we find that a jury could, from the challenged evidence, rationally hold Appellant responsible for the trauma and its consequences caused G—, including trauma extending into the future. 808 S.W.2d at 79. The evidence, admitted over objection (and otherwise preserved), was that: (1) G— appeared very bad immediately following the offense; (2) G— had to quit her job because she was sick and had pain in her stomach; (3) prior to the offense, G— was very happy; and (4) since the offense was committed the day before Christmas, G— had to spend the holiday with her mother. We find G—'s mother's testimony rationally attributed moral culpability for her daughter's injuries and the attendant consequences as circumstances of the instant offense to Appellant. *Miller–El,* 782 S.W.2d at 896. Any of the potentially damaging testimony from G—'s mother is directly attributable to Appellant's actions in abducting the victim, locking her in a house for hours while Appellant, his codefendant and others sexually assaulted her orally, vaginally and rectally. Thus, he is personally responsible and morally culpable for such trauma. As a result, the trial court did not abuse its discretion in admitting the evidence, and we overrule the point of error.

4. Appellant even attacks testimony which was admitted in response to questions prior to objections which were eventually sustained. However, we note that Appellant failed to preserve these specific points by successively asking for an instruction to disregard and seeking a mistrial until obtaining an adverse ruling. See *Turner v. State,* 805 S.W.2d 423, 431 (Tex.Crim. App.1991).

In his last point of error, Appellant asserts that the State's effort in questioning G___'s mother in the manner indicated by the statement of facts amounted to prosecutorial misconduct which the court should have, on its own motion, prevented. Appellant argues that "almost every question propounded to the witness was objectionable." While the questions may have been objectionable as a matter of fact from Appellant's point of view, such a conclusion does not command that the questions were impermissible as a matter of law. Without citation to authority, Appellant contends that the prosecutor's persistence in rephrasing objectionable questions and asking additional questions seeking slightly different answers amounted to prosecutorial conduct. We disagree.

 Although the trial court did sustain a number of Appellant's objections to the prosecutor's questions, this fact did not obviate the need for Appellant to renew his objections to the rephrased questions in order to preserve error. *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App.1984). *See also Johnson*, 803 S.W.2d at 291. While Appellant did continue to object to the questions as to the individual content, he did not preserve the error, if any, by failing to specifically object to the *conduct* or *actions* of the prosecutor in continuing to ask such questions. *Carrillo v. State*, 566 S.W.2d 902, 911–12 (Tex.Crim.App. 1978).

Assuming preservation of error, if any, the asking of legally improper questions is not harmful unless it is clearly calculated to elicit evidence which would, based upon the peculiar facts of the case, serve no purpose other than to inflame the minds of the jury. *Hernandez*, 805 S.W.2d at 409, 413–14. In the instant case, the evidence sought to be obtained by the prosecutor did have a legitimate purpose other than inflaming the minds of the jury. As we have previously determined, G___'s mother's testimony as to the trauma suffered by the complainant bore the necessary relationship to Appellant's personal responsibility and moral culpability. Therefore, we conclude that the prosecutor's persistence was not, in and of itself, contumacious and did not constitute prosecutorial misconduct. *See Stoker v. State*, 788 S.W.2d 1, 14 (Tex.Crim.App.1989), *cert. denied*, ___ U.S. ___, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). Finding no error in the prosecutor's conduct, it cannot be rationally argued that the trial court abused its discretion by allowing the State to continue asking such questions. Consequently, the point of error is overruled.

Having overruled each of Appellant's points of error, the judgment of the trial court is affirmed.