Hightower v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00609-CR







Jess Hightower, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 39,613, HONORABLE HOWARD S. WARNER, JUDGE PRESIDING







 Appellant, Jess Hightower, was convicted by a jury of driving while intoxicated. 
Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex.
Rev. Civ. Stat. Ann. art. 6701l-1(b), since amended and codified at Tex. Penal Code Ann.
§ 49.06). Punishment was assessed by the trial court at confinement in jail for 180 days, a fine
of $500, plus court costs, probated for two years.

 On appeal, appellant complains that the trial court erred: (1) in allowing the
arresting officer, who had little or no independent recollection of appellant's arrest, to testify from
his police report as to the details of that arrest; (2) in refusing to allow appellant to inquire into
the religious beliefs and disciplinary record of the arresting officer; (3) in failing to grant a
mistrial when the State presented into evidence a portion of a videotape concerning which the trial
court had granted a motion-in-limine; (4) in allowing the State to use the videotape to attack
appellant's credibility during closing arguments; and (5) in failing to grant a mistrial based on the
cumulative effect of the alleged errors challenged in the other points of error. We will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 On June 5, 1993, Officer Taylor of the San Marcos Police Department stopped
appellant on Interstate 35 because his truck was weaving on the highway. Officer Taylor asked
appellant to perform a field sobriety test and subsequently arrested him for driving while
intoxicated. At the police station, appellant was videotaped during a post-arrest interrogation by
the arresting officer, but he refused to perform the sobriety tests for the camera or a breath test. 
On the video, appellant stated that he was an attorney with ten years of experience.

 During appellant's trial, in which appellant represented himself, the State's
evidence consisted of the testimony of the arresting officer and the showing of the post-arrest
videotape. Appellant filed a motion-in-limine to suppress the portion of the videotape in which
he stated his profession, believing it to be prejudicial; however, the video was later admitted in
full. The jury convicted appellant of driving while intoxicated, and he now appeals based on
aspects of both the officer's testimony and the presentation of the part of the videotape revealing
his profession.



DISCUSSION


 Appellant presents five points of error for review. In his first point of error,
appellant contends that the testimony of Officer Taylor, the arresting officer, is inadmissible as
hearsay. Appellant argues that Officer Taylor had no present recollection of stopping, arresting,
or interrogating appellant over a year before the trial, and that as a result, he testified by reading
out of his police report, which the trial court had ruled inadmissible. However, when appellant
objected to the direct reading of the report into evidence, the State asked Officer Taylor whether
he would remember anything about the case without referring to the report. Officer Taylor
answered that he would, and that he was using the report to refresh his memory, as opposed to
reading directly from it. The court did tell Officer Taylor not to read from his report after
appellant objected further, but Officer Taylor was not told to close the report and was thereafter
allowed to refer to it to refresh his recollection before answering. No finding of fact was made
by the trial court that Officer Taylor read the report verbatim into evidence, and the report was
not submitted for comparison by this Court. The record, therefore, does not support appellant's
contention that Officer Taylor was reading his notes directly into the record, only that he was
allowed to refresh his memory by referring to a report he had previously made. This practice is
both proper and admissible. See Tex. R. Crim. Evid. 611; Davis v. State, 330 S.W.2d 443, 445
(Tex. Crim. App. 1959). When present recollection fails, a witness may refresh his memory by
reviewing a report or other writing that was made when his memory was fresh. Welch v. State,
576 S.W.2d 638, 641 (Tex. Crim. App. 1979). The testimony was admissible because Officer
Taylor stated that he used the report merely to refresh his memory, and the record does not
demonstrate otherwise. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that the trial court erred in
preventing him from testing the credibility of Officer Taylor through questions concerning the
officer's religious convictions about alcoholic beverages and his police disciplinary record. The
State's objections to such questions were sustained. However, appellant made no bill of
exceptions. As to excluded evidence, a bill of exceptions is necessary to reflect matters that are
not otherwise part of the record. If a trial court unduly limits a defendant's cross-examination,
a bill of exceptions must be perfected showing his proposed questions and the expected answers
to those questions, or nothing is preserved for review. Johnson v. State, 800 S.W.2d 563, 566
(Tex. App.Houston [14th Dist.] 1990, pet. ref'd). An informal bill of exceptions, found in the
reporter's notes as an offer of proof made outside the jury's presence, is sufficient when it
includes a summary of the proposed questions and answers and a statement of counsel's belief of
what the testimony would prove. Love v. State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993). 
It is not necessary for counsel to show the trial court that his cross-examination of the witness
would affirmatively establish the facts he sought to prove. Hurd v. State, 725 S.W.2d 249, 253
(Tex. Crim. App. 1987). In the absence of any bill of exceptions, however, this Court must
indulge the presumption of the correctness of the ruling of the trial court. See King v. State, 95
S.W.2d 454, 455 (Tex. Crim. App. 1936). Accordingly, appellant's second point of error is
overruled.

 Appellant's third point of error complains of the admission into evidence of the
portion of the post-arrest videotape in which appellant stated, in answer to the final taped
question, that he was an attorney with ten years of experience. A motion-in-limine had been
granted to appellant for the final question on the tape and for his taped refusal to answer any
further questions. During Officer Taylor's testimony at trial, the State sought to introduce into
evidence other portions of the post-arrest videotape. When appellant and the State could not agree
on precisely when to mute the video concerning appellant's refusal to answer further questions,
appellant said, "Why don't I waive my objection and let them [the jury] hear the whole thing. I
want them to hear me talk." The video was then admitted and played in its entirety, including
appellant's statement of his profession, without objection.

 A motion-in-limine by itself does not preserve error. Maynard v. State, 685
S.W.2d 60, 64 (Tex. Crim. App. 1985). Testimony offered at trial must be objected to at trial,
or any error in its admission is waived. Hernandez v. State, 825 S.W.2d 765, 770 (Tex. App.--El
Paso 1992, no pet.). Thus, for error to be preserved with regard to the subject matter of a
motion-in-limine, it is absolutely necessary that an objection be made at the time when the subject
is raised during trial. Siegel v. State, 814 S.W.2d 404, 407 (Tex. App.--Houston [14th Dist.]
1991, pet. ref'd). Appellant raised his objection to the disputed portion of the videotape too late. 
Limine procedure does not, as he contends, require the State to ask the court's permission before
offering evidence on which a motion-in-limine has been granted. Appellant could have asked in
the motion-in-limine that before the subject of his profession was entered into that the State be
required to approach the bench and inform the court, but no such action was taken. Romo v.
State, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979). Whatever the procedure chosen, however,
defense counsel must object before the evidence is admitted during trial to properly call the court's
attention to the matter and preserve the error for appeal. Id. Because the statement of appellant's
profession was offered without timely objection, any error in admitting it was waived. 
Appellant's third point of error is overruled.

 Appellant complains in his fourth point of error that the trial court erred in allowing
the prosecutor, during final argument, to play at full volume the portion of the videotape in which
appellant stated his profession, thereby rendering audible appellant's otherwise marginally audible
statement. Once evidence has been admitted without objection or limiting instruction, however,
opposing counsel may use that evidence throughout trial to the full extent of its rational persuasive
power. Garcia v. State, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994). Appellant's fourth point
is overruled.

 Appellant's fifth point of error is a claim of unfair trial based on the cumulative
effect of all of the alleged error complained of in the points of error discussed above. Having
overruled all of the first four points, appellant's fifth point is likewise overruled.



CONCLUSION


 We affirm the conviction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: March 13, 1996

Do Not Publish



would prove. Love v. State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993). 
It is not necessary for counsel to show the trial court that his cross-examination of the witness
would affirmatively establish the facts he sought to prove. Hurd v. State, 725 S.W.2d 249, 253
(Tex. Crim. App. 1987). In the absence of any bill of exceptions, however, this Court must
indulge the presumption of the correctness of the ruling of the trial court. See King v. State, 95
S.W.2d 454, 455 (Tex. Crim. App. 1936). Accordingly, appellant's second point of error is
overruled.

 Appellant's third point of error complains of the admission into evidence of the
portion of the post-arrest videotape in which appellant stated, in answer to the final taped
question, that he was an attorney with ten years of experience. A motion-in-limine had been
granted to appellant for the final question on the tape and for his taped refusal to answer any
further questions. During Officer Taylor's testimony at trial, the State sought to introduce into
evidence other portions of the post-arrest videotape. When appellant and the State could not agree
on precisely when to mute the video concerning appellant's refusal to answer further questions,
appellant said, "Why don't I waive my objection and let them [the jury] hear the whole thing. I
want them to hear me talk." The video was then admitted and played in its entirety, including
appellant's statement of his profession, without objection.

 A motion-in-limine by itself does not preserve error. Maynard v. State, 685
S.W.2d 60, 64 (Tex. Crim. App. 1985). Testimony offered at trial must be objected to at trial,
or any error in its admission is waived. Hernandez v. State, 825 S.W.2d 765, 770 (Tex. App.--El
Paso 1992, no pet.). Thus, for error to be preserved with regard to the subject matter of a
motion-in-limine, it is absolutely necessary that an objection be made at the time when the subject
is raised during trial. Siegel v. State, 814 S.W.2d 404, 407 (Tex. App.--Houston [14th Dist.]
1991, pet. ref'd). Appellant raised his objection to the disputed portion of the videotape too late