**Opinion filed August 14, 2025**



In The

# Elebenth Court of Appeals

_____

## No. 11-23-00187-CR

_____

## FREDRIC RODRIGUEZ A/K/A FREDDIE RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR28979**

## M E M O R A N D U M   O P I N I O N

In a bench trial, the trial court convicted Appellant, Fredric Rodriguez a/k/a Freddie Rodriguez, of evading arrest with a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2024). After finding the enhancement paragraph to be true, the trial court assessed Appellant's punishment

at confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his conviction in four issues asserting that the trial court erred by denying his request to withdraw his waiver of a jury trial and by admitting evidence of extraneous acts. We affirm.

*Background Facts*

Appellant was on parole and under the supervision of the Brownwood District Parole Office of the Texas Department of Criminal Justice. Because Appellant had violated the conditions of his parole, a warrant had been issued for his arrest. Appellant reported to the parole office on April 21, 2022, and the Brownwood police were notified so that they could take him into custody. A parole officer attempted to stall Appellant until police were able to arrive. The parole officer asked Appellant to come to the back area of the office to clean his GPS monitor, but Appellant said, "I don't think so," and left out of the front door of the office. The parole officer informed others in the office that Appellant was "running." Another parole officer went out of the back door of the building and observed Appellant get into the driver's side of a "SUV type" vehicle. The parole officer provided law enforcement with a description of the vehicle including the vehicle's license plate number.

Brownwood Police Officer Jayme Bowman initially responded to a call to go to the parole office for warrant service but then was informed that the suspect had left the building. Officer Bowman was given a description of the vehicle and the license plate number. Officer Bowman located the vehicle and activated his overhead lights in an effort to stop the vehicle. When the vehicle did not stop, Officer Bowman activated his siren. According to Officer Bowman, he pursued the vehicle for approximately fifty minutes before disengaging for safety reasons.

While in pursuit of the vehicle, Officer Bowman observed the driver slow down and throw something from the window. Another officer responded to that

2

location and found three baggies with a white substance inside of them and a methamphetamine pipe. The substance in the baggies was later determined to be methamphetamine in an amount of 0.71 grams. Officer Bowman later identified Appellant as the driver of the vehicle.

Appellant's case was set for a jury trial on July 10, 2023. On July 7, 2023, he appeared before the trial court to waive his right to a jury trial. Appellant informed the trial court that he had talked with his attorney and that he "intentionally, knowingly, and voluntarily" waived his right to a jury trial. Appellant indicated that he had graduated from high school and that he could read and write the English language. Appellant's counsel stated that Appellant was competent, and the trial court agreed. Appellant, his trial counsel, the State, and the trial court all signed the written waiver of jury trial.

The bench trial was scheduled for July 27, 2023. On July 26, 2023, Appellant's trial counsel filed a motion to withdraw the waiver of jury trial and a motion to withdraw as counsel. On the day of trial, the trial court heard both motions. Appellant contended that he did not fully understand the consequences of waiving a jury trial and that his trial counsel did not fully advise him of those consequences. Appellant testified at the hearing and acknowledged that he had previously waived his right to a jury trial. He stated that he had talked with his trial counsel about a jury waiver but that he was not aware of all of the consequences. He also said that he did not understand that the waiver was irrevocable. Appellant explained that he had been preparing for trial and that he wanted to withdraw the waiver. Appellant asserted that he did not agree with his trial counsel's strategy on how to handle the case. Appellant agreed that the trial court informed him that he had a right to a jury trial and that he waived that right.

The State opposed Appellant's withdrawal of his waiver of a jury trial. The prosecutor informed the trial court that all of its witnesses were there and that two of the witnesses had come from out of town to be there on that day. The prosecutor explained that it would be detrimental to the witnesses if the trial did not go forward on that day. The prosecutor further explained that because of the limited number of settings, it could be months before the case was able to go to trial.

The trial court denied both the motion to withdraw Appellant's waiver of jury trial and the motion to withdraw as counsel. In doing so, the trial court stated that "there are witnesses ready to go, out-of-town witnesses, and I just think that after hearing the evidence presented, I'm not inclined to grant it."

Appellant's position at trial was that the State failed to provide sufficient evidence to establish his identity as the person that evaded arrest. At the conclusion of the evidence, the trial court found Appellant guilty of evading arrest.

*Analysis*

*Waiver of Jury Trial*

In his first issue, Appellant contends that the trial court erred by denying his request to withdraw his waiver of jury trial. He asserts that there was no evidence that the granting of his request to withdraw his jury waiver would interfere with the orderly administration of the business of the trial court, result in unnecessary delay or inconvenience to witnesses, or prejudice the State.

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. CONST. amend. VI. "The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2005). Therefore, a defendant in a criminal prosecution has an absolute right to a trial by jury. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). However, a defendant may waive that right. *See* CRIM. PROC.

4

art.1.14(a). "But once the defendant validly waives his right to a jury trial, he does not have an unfettered right to reassert that right." *Hobbs*, 298 S.W.3d at 197. "As the party who seeks to alter the *status quo*, the defendant bears the burden when he seeks to withdraw a valid jury-trial waiver." *Sanchez v. State*, 630 S.W.3d 88, 95 (Tex. Crim. App. 2021).

We review a trial court's refusal to allow a defendant to withdraw his waiver of right to a jury trial for an abuse of discretion. *See Hobbs*, 298 S.W.3d at 198. A trial court abuses its discretion when it acts without reference to guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

A defendant who wishes to withdraw his waiver of right to trial by jury must "establish, on the record, that his request to withdraw his jury waiver has been made sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State." *Hobbs*, 298 S.W.3d at 197–98. If a defendant meets that burden and "the defendant's claims are rebutted by the State, the trial court, or the record itself, the trial judge does not abuse his discretion in refusing to allow the withdrawal of the waiver." *Id.* at 198.

Appellant appeared in open court on July 7, 2023, for the purpose of proving up his written waiver of jury trial. The trial court noted at this hearing that the case was scheduled for "next week" for a jury trial. After admonishing Appellant as to his right to a jury trial, the trial court accepted his waiver. In accepting his waiver, the trial court informed Appellant that "there will be no more trial by jury. That's been waived. [Appellant] still [has] a right to a trial, but it would be a trial in front of a Judge rather than a jury" and the trial court confirmed that Appellant understood the consequences of his waiver. According to the record, the State did not offer any plea bargain to Appellant in exchange for his jury trial waiver, nor was Appellant

anticipating such an agreement when he waived his right to a jury trial. In this regard, the trial court admonished Appellant that he retained the right to "work . . . out" a plea bargain with the State, but that the trial court was signing the jury waiver for both parties on that date and it noted that the parties were working with the court coordinator to obtain a trial date. The case was then set for an open plea to the trial court to occur on July 27, 2023.

Appellant filed his motion to withdraw his waiver of jury trial on July 26, 2023 (the day before trial), and the trial court heard the motion on July 27, 2023 (the day of trial). Appellant contends that "the trial court had no occasion to make 'credibility determinations' or 'reasonable factual findings to support its rulings' because there was no evidence adduced regarding those matters." However, Appellant testified during the hearing and he explained that he did not understand the consequences of the waiver or that the waiver was irrevocable. At the end of Appellant's testimony, the trial court asked if, and Appellant denied, that any other evidence or witnesses would be called in support of his motion. Thus, Appellant was able to testify and present evidence in support of his motion to withdraw his waiver of jury trial.

The State opposed the withdrawal of waiver because its witnesses, including out-of-town witnesses, were present and ready to testify at the trial. The State argued that allowing Appellant to withdraw his waiver would inconvenience the witnesses. Appellant contends that the witnesses were not inconvenienced because they were State employees who regularly testified as part of their job descriptions. However, Appellant did not offer any evidence at the hearing to show that granting his request would not inconvenience the State's witnesses.

"The control of the business of the court is vested in the sound discretion of the trial judge." *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996).

6

Appellant did not meet his burden to show that, among other things, the withdrawal of the jury waiver would not interfere with the orderly administration of the business of the court. *See id.* In denying Appellant's motion to withdraw his waiver, the trial court specifically noted that the witnesses were present and ready for trial. On the record before us, we cannot conclude that the trial court abused its discretion by denying Appellant's request to withdraw his waiver of jury trial.

We are mindful of the outcome in *Sanchez v. State*, a case that originated from this court. The Court of Criminal Appeals determined in *Sanchez* that the trial court abused its discretion by overruling the defendant's request to withdraw his waiver of jury trial. 630 S.W.3d at 90. We conclude that the holding in *Sanchez* is distinguishable from the facts in this case. The defendant in *Sanchez* was "ambivalen[t]" about his desire to waive a jury trial at a plea hearing wherein his waiver of jury trial was presented to the trial court, to the point that he effectively withdrew it on the same day that he executed it. *Id.* at 96. The court characterized the withdrawal of the waiver as occurring "immediately." *Id.* at 97. Further, the defendant in *Sanchez* was set for a jury trial to have occurred approximately ten days after this hearing. *Id.* at 96. Thus, the timing of the defendant's withdrawal of his jury trial waiver in *Sanchez* was a significant element to the court's analysis. *See id.* at 96–97.

Here, Appellant did not immediately attempt to withdraw his waiver of jury trial. At the time that the waiver of jury trial was filed, the case was set for jury trial to proceed three days later on July 10, 2023. Appellant did not seek to withdraw his wavier prior to this jury trial setting, but rather waited until over two weeks later on the day before the case was set for an open plea. Accordingly, the facts in this appeal are materially different than those in *Sanchez*. *See id.* We overrule Appellant's first issue.

*Admission of Extraneous Evidence*

In his second, third, and fourth issues, Appellant argues that the trial court erred by admitting evidence of extraneous acts during the guilt-innocence phase of trial. The State offered evidence that Appellant threw something from the window of his vehicle while being pursued by law enforcement. Law enforcement searched the area and found three baggies containing a white substance, that was later determined to be methamphetamine, and a methamphetamine pipe. The State also offered evidence that Appellant had a curfew violation while on parole. Appellant complains that the evidence violated both Rule 404(b) and Rule 403 of the Texas Rules of Evidence.

We review a trial court's evidentiary ruling under an abuse of discretion standard. *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016). "A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement." *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). We will uphold the trial court's ruling on the admission or exclusion of evidence if the ruling was proper under any legal theory or basis applicable to the case. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Extraneous-offense evidence is admissible under both Rule 404(b) and Rule 403 if that evidence satisfies a two-prong test: (1) "whether the extraneous offense evidence is relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character"; and (2) "whether the probative value of the evidence is not substantially outweighed by unfair prejudice." *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); *see also De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). If the evidence satisfies this two-prong test, a trial court's ruling is generally within the zone of reasonable disagreement. *De La Paz*, 279 S.W.3d at 344.

Rule 404(b) prohibits the admission of extraneous-offense evidence at the guilt phase of a trial to prove that a defendant committed the charged offense in conformity with bad character. *Devoe*, 354 S.W.3d at 469 (citing TEX. R. EVID. 404(b)). However, extraneous-offense evidence may be admissible when it has relevance apart from character conformity. *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003)). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." TEX. R. EVID. 401.

In his second and third issues, Appellant asserts that the testimony about finding the baggies and determining that they contained methamphetamine was not relevant to the charged offense of evading arrest. The State responds that the evidence was admissible as same-transaction contextual evidence and also to show Appellant's motive for committing the offense of evading arrest.

Evidence of a crime, wrong, or act other than the offense charged is not admissible to prove that the defendant acted in conformity with his character but may be admissible for other purposes. TEX. R. EVID. 404(b). These purposes include proving intent and motive as well as illustrating other aspects of an "indivisible criminal transaction," also known as same-transaction contextual evidence. *Inthalangsy v. State*, 634 S.W.3d 749, 756 (Tex. Crim. App. 2021). Same-transaction contextual evidence "illuminate[s] the nature of the crime alleged." *Id.* (citing *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993)). A factfinder "is entitled to know all the facts that are 'blended or closely interwoven' with a continuous criminal episode." *Id.* (citing *Moreno v. State*, 721 S.W.2d 295, 301 (Tex. Crim. App. 1986)). Same-transaction contextual evidence must be

necessary to the factfinder's understanding of the offense such that the charged offense would make little sense without the same-transaction evidence. *Id.*

Appellant reported to the parole office and then left in a vehicle after a parole officer asked him to come to the back area. Officer Bowman followed Appellant and activated his overheard lights to initiate a stop. Appellant did not stop. Evidence that Appellant was in possession of, and discarded methamphetamine provided a motive for Appellant to flee from law enforcement. *See Phillips v. State*, 534 S.W.3d 644, 653 (Tex. App.—Houston [1st Dist.] 2017, no pet.). In *McDaniel v. State*, we addressed evidence that the defendant fired a weapon from a moving vehicle while committing the offense of evading arrest. 698 S.W.3d 625, 641–42 (Tex. App.— Eastland 2024, pet. ref'd). We held that a criminal offense committed while evading arrest was "inextricably intertwined" with the offense of evading arrest, and we concluded that the trial court did not abuse its discretion by admitting the evidence as same-transaction contextual evidence. *Id.* at 642 (quoting *Worthy v. State*, 312 S.W.3d 34, 39 (Tex. Crim. App. 2010)).[1] The same rationale applies to the facts in this case. *See id.*

Further, the State offered, without objection, the in-car video of Officer Bowman's pursuit of Appellant. That video showed objects being thrown from Appellant's vehicle. The complained-of testimony provided additional facts to aid the factfinder's understanding of the video and the offense. *See Inthalangsy*, 634 S.W.3d at 756.

---

[1]In *McDaniel*, we discussed *Webb v. State*, No. 08-02-00142-CR, 2003 WL 22162337 (Tex. App.—El Paso 2003, no pet.) (not designated for publication). *Id.* at 640–41. In *Webb*, the court noted that evidence of drug paraphernalia and contraband in a motel room was admissible as same-transaction contextual evidence for the offense of evading arrest because it "help[ed] explain why [the man] fled from the police and in turn, what may have motivated Appellant to assist [the man] and thereby commit the charged offense of evading arrest." 2003 WL 22162337 at *2. The court in *Webb* further noted that the drug evidence made it more probable that the defendant was intentionally fleeing from a police officer that he knew was trying to detain him. *Id.*

Even if extraneous-offense evidence is relevant under Rule 404(b), the trial court may exclude it under Rule 403 if its probative value is substantially outweighed by a danger of unfair prejudice. TEX. R. EVID. 403; *see Martin*, 173 S.W.3d at 467. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *See Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007); *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). Evidence is unfairly prejudicial when it has the undue tendency to suggest an improper basis for reaching a decision. *Reese v. State*, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000); *Render v. State*, 347 S.W.3d 905, 921 (Tex. App.—Eastland 2011, pet. ref'd).

In reviewing a trial court's determination under Rule 403, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (quoting *Montgomery*, 810 S.W.2d at 389). When conducting a Rule 403 analysis, the trial court must balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest [a] decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). Rule 403, however, does not require that the balancing test be performed on the record. *Greene v. State*, 287 S.W.3d 277, 284 (Tex. App.—Eastland 2009, pet. ref'd).

In applying the factors listed above, we conclude that the admission of the evidence about Appellant discarding the items, the search for and recovery of those

items, and the forensic analysis determining that the items were methamphetamine did not violate Rule 403. The evidence was probative to show Appellant's motive for fleeing from police. The record does not show that the evidence consumed an inordinate amount of time. Moreover, any prejudicial effect of the admitted evidence is mitigated here because the trial was to the trial court. *See Corley v. State*, 987 S.W.2d 615, 621 (Tex. App.—Austin 1999, no pet.) ("[W]hen a case is tried to a trial court rather than to a jury, the danger that the trier of fact will consider extraneous offense evidence for anything other than the limited purpose for which it is admitted is reduced, and the likelihood that the extraneous evidence will unfairly prejudice the defendant is diminished."). We conclude that the trial court did not abuse its discretion in admitting the complained-of evidence. We overrule Appellant's second and third issues.

In his fourth issue, Appellant contends that the trial court erred by allowing testimony that he violated his curfew while on parole.

The State asked Amanda Spruill, the parole supervisor for the Brownwood District Parole Office, if Appellant had a curfew violation in April 2022. Appellant made a Rule 404(b) objection, and the trial court initially sustained the objection. The State then explained that the curfew violation resulted in a phone call from the parole office to Appellant less than a month before the evading arrest offense. The State asserted that Appellant would have been aware that he had a curfew violation, and that the violation resulted in a warrant. Thus, according to the State, the evidence provided a motive for Appellant to flee from law enforcement. The trial court then clarified that the State could not ask about the circumstances surrounding the curfew violation but could ask whether or not Appellant had a curfew violation and about any communications from the parole office after the violation. Spruill then testified without further objection that on April 9, 2022, Appellant had a curfew

violation and that the parole office tried to call him two times about the violation. Appellant did not answer or return the phone calls, and he did not report to the parole office until the incident on April 21, 2022.

As noted above, the trial court allowed Spruill to testify whether or not Appellant had a curfew violation. Appellant did not object to that testimony. Therefore, Appellant has not preserved his complaint for review. *See* TEX. R. APP. 33.1; *Hernandez v. State*, 825 S.W.2d 765, 772 (Tex. App.—El Paso 1992, no pet.) (holding that defendant was required to renew his objections to rephrased questions in order to preserve error).

Moreover, even assuming Appellant preserved error, the trial court did not abuse its discretion in admitting the evidence. Evidence that Appellant had a curfew violation resulting in a warrant for his arrest was admissible to prove his motive to flee from law enforcement. *See* TEX. R. EVID. 404(b)(2).

Appellant did not make a Rule 403 objection to the evidence of the curfew violation. A Rule 403 objection is not implicitly contained in relevancy or Rule 404(b) objections; rather, a specific Rule 403 objection must be raised to preserve error. *Lopez v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (citing *Montgomery*, 810 S.W.2d at 388). Accordingly, Appellant has not preserved error regarding his Rule 403 complaint with respect to the curfew violation. Moreover, even if Appellant preserved error, we conclude that the admission of evidence about his curfew violation did not violate Rule 403. The evidence was probative to show Appellant's motive for fleeing from police. The record does not show that the evidence consumed an inordinate amount of time or repeated evidence already admitted. Moreover, any prejudicial effect of the admitted evidence is mitigated here because the trial was to the trial court. *See Corley*, 987 S.W.2d at 621. We conclude that the trial court did not abuse its

discretion in admitting the complained-of evidence.  We overrule Appellant's fourth issue.

## This Court's Ruling

We affirm the judgments of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


August 14, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.