**Pascual Sambrano SAN ROMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00217–CR.**

Court of Appeals of Texas, El Paso.

Aug. 7, 1991.

Joe E. Boaz, El Paso, Tex., for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

Appellant was convicted by a jury of an aggravated rape alleged to have occurred

on February 22, 1982. Punishment was assessed by the court at seventy-five years in prison. We reverse and remand for retrial of the punishment phase only.

The Appellant was originally convicted of aggravated rape and assessed fifty years' punishment by a jury in October 1982. This conviction was reversed on the basis of ineffective assistance of counsel and the case remanded for retrial, 681 S.W.2d 872. When the case came up for a second trial in 1986, the Appellant pled guilty to aggravated rape and was again sentenced, this time by the court, to fifty years in the penitentiary. In a post-conviction writ of habeas corpus proceeding, the Texas Court of Criminal Appeals set aside the second conviction on the ground that his guilty plea was not voluntary. At the third trial, the Appellant was once again convicted of aggravated rape by a jury and sentenced by the court to seventy-five years' imprisonment.

In the first two of three points of error, Appellant asserts that the trial court erred by its failure to include in its charge the lesser included offenses of "attempted aggravated rape" and "aggravated assault." At trial, the only direct evidence that a rape had taken place came from the testimony of the complainant. She testified that sometime after 3:30 p.m. on February 22, 1982, she returned to her home after visiting a friend. The Appellant came to the front door ostensibly for the purpose of making a phone call. The complainant allowed Appellant to use an extension telephone on the front porch. He then proceeded to force his way into the house, knocking the complainant to the floor. In the struggle that ensued, the Appellant cut her hands with a kitchen knife, robbed her of more than $150.00 and ordered her to disrobe. He threatened to kill the complainant if she looked at his face. He pushed her into a bedroom, forced her to commit fellatio on him and then, after hitting her, had sexual intercourse with her. She testified that his penis penetrated her vagina.

After the Appellant left her house, the complainant called the police and shortly thereafter, she was taken to Sierra Medical Center for a rape examination. Although the doctor noted bruises and abrasions on her body and the lacerations on her hands, the pelvic examination was negative for presence of trauma, sperm and foreign pubic hair. The doctor testified that it was not abnormal for a rape victim who had been married for a number of years and had given birth to four children to show no evidence of trauma resulting from a sexual assault. He also testified that it was not unusual for the sexual assailant not to ejaculate during a rape. Appellant did not testify and offered no other evidence.

Appellant properly preserved error by requesting the inclusion of the lesser included offenses of attempted aggravated rape and aggravated assault and by objecting to the court's refusal to charge on those offenses. With respect to lesser included offenses, the Code of Criminal Procedure provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex.Code Crim.Pro.Ann. art. 37.09 (Vernon 1981).

Attempted aggravated rape would be a lesser included offense of aggravated rape, and although there is some doubt whether aggravated assault was a lesser included offense of aggravated rape as those offenses were worded in the Penal Code in effect in 1982, we will assume that aggravated assault was also a lesser included offense. Even though a lesser included offense is included within the proof

of a greater offense, a jury charge on the lesser offense is not always warranted. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim.App.1985). The Court of Criminal Appeals in *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981) enunciated a two-prong analysis to determine when a charge on a lesser included offense is required, followed in *Aguilar* and *Havard v. State*, 800 S.W.2d 195, 215 (Tex.Crim.App.1990). First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that the defendant is guilty only of the lesser included offense. *Royster*, 622 S.W.2d at 446.

 If evidence from any source raises the issue of a lesser included offense or a defensive theory, it must be included in the court's charge. *Marras v. State*, 741 S.W.2d 395 (Tex.Crim.App.1987); *Lugo v. State*, 667 S.W.2d 144 (Tex.Crim.App.1984). If a defendant presents evidence that he did not commit any offense, *McKinney v. State*, 627 S.W.2d 731 (Tex.Crim.App.1982), or if he presents no evidence at all, *Denison v. State*, 651 S.W.2d 754 (Tex.Crim. App.1983), and there is no other evidence raising an issue, a charge on the lesser offense is not required. *Aguilar*, 682 S.W.2d at 558; *Royster*, 622 S.W.2d at 447. In this case, there was no evidence presented by the Appellant that if he was guilty of an offense, he was guilty only of one or the other of the lesser included offenses. The complainant's testimony was direct and positive in establishing the necessary elements of the aggravated rape. Although the medical evidence was inconclusive as to whether the complainant had been raped, that inconclusiveness would only raise an issue on whether a rape had been committed, not an issue on whether some lesser included offense had been committed. *Thomas v. State*, 578 S.W.2d 691, 698 (Tex. Crim.App.1979); *Hackbarth v. State*, 617 S.W.2d 944, 946 (Tex.Crim.App.1981); *Rettig v. State*, 90 Tex.Crim. 142, 233 S.W. 839 (App.1921); cf. *Lawrence v. State*, 783 S.W.2d 789, 793 (Tex.App.—El Paso 1990, no pet.). Under the evidence, Appellant was not entitled to a charge on either of the lesser included offenses. Points of Error Nos. One and Two are overruled.

In Point of Error Three, the Appellant argues that the trial court erred in sentencing the Appellant on retrial to seventy-five years' confinement after he had been sentenced to fifty years' confinement on two previous occasions. During the punishment stage of the trial, tried to the court alone, the state attempted to introduce certified copies of judgments in three cases involving "Pascual Sambrano San Roman," all three of which were convictions for offenses that occurred at approximately the same time or after the date of the alleged rape. Although the defense objected to the admissibility of the documents on the grounds that the convictions were not prior convictions for the purposes of enhancement and that there was no proof that the defendant named in the judgments was one and the same person as the Appellant, the court sustained the objection only on the latter ground.

At the conclusion of closing arguments, the court first stated:

> Well, the Court is going to take judicial notice of all of the evidence that was presented at the trial in this case and the Court is going to assess your sentence, Mr. Sambrano, at 75 years in the Texas Department of Corrections.

To a defense objection that the increased sentence violated the dictates of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969), since increasing the punishment over what a jury and a judge had previously given him raised a presumption of judicial vindictiveness against the Appellant for exercising his right to appeal, the court replied:

> [T]his Court is in a special circumstance in that the judgments of the other convictions were not admitted, but we had considerable discussions about other convictions that occurred since he was originally found guilty by the jury in 1982.
>
> The Court had to have knowledge of those, although the judgments have not been admitted into evidence. The Court has heard something about the other

three convictions that he has received since he was sentenced in 1982.

And it is not only based upon the facts of the case of the crime that was committed, but is also based upon all of the evidence and all of the information that the Court was informed of during this trial, so this Court is assessing this sentence at 75 years in the Texas Department of Corrections.

█ In *Pearce,* the Supreme Court of the United States held that the due process clause of the Fourteenth Amendment to the Constitution requires that vindictiveness toward a defendant for having successfully attacked his prior conviction must play no part in the sentence he receives after a new trial, stating that:

[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

Nothing in *Pearce* precludes a sentencing court from considering new evidence of the defendant's life, characteristics and criminal record occurring both before and after the reversed conviction and then assessing a different punishment than was originally imposed, but the reasons for an increased penalty need to be stated on the record by the judge. *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986), reversing, *McCullough v. State,* 680 S.W.2d 493 (Tex.App.—Amarillo 1983); *Amaya v. State,* 759 S.W.2d 737 (Tex. App.—El Paso 1988, PDRR). In *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the Supreme Court held that the *Pearce* presumption of vindictiveness did not apply where the retrial and more severe sentence followed an appellate reversal of a conviction and lighter sentence based on a guilty plea. This was because of the obvious difference in the amount and detail in evidence needed in a trial as opposed to a mere summary of evidence in a plea proceeding. But even in *Smith,* the Supreme Court seemed to require, and recited at some length, the trial court's articulation of the reasons for imposing a greater penalty.

█ Although there was a different judge involved in each of the Appellant's convictions, there is nothing in the record to show that the judge and the jury in the second trial, from which this appeal was taken, heard any new and different evidence than was heard in the first jury trial or in the plea proceeding. Unlike *McCullough* and *Smith,* the trial judge in the instant case not only did not articulate in any detail whatsoever the evidence from which she would justify increasing the punishment from fifty to seventy-five years, but seemed to justify the increase primarily upon the three convictions, evidence of which she had properly excluded. There is nothing in the record to satisfy the requirements of *Pearce.* Appellant's third point of error is sustained.

Judgment of the trial court is reversed as to punishment only. Tex.Code Crim. Pro.Ann. art. 44.29(b) (Vernon Supp.1991). The case is remanded for retrial of the punishment stage based on the evidence on the record and in accordance with the requirements of *North Carolina v. Pearce* and this opinion.