**Pascual Sambrano SAN ROMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–92–00073–CR.**

Court of Appeals of Texas, El Paso.

Nov. 18, 1992.

Discretionary Review Refused March 17, 1993.

Gary Hill, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for State/appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

OPINION

BARAJAS, Justice.

This is an appeal from the imposition of sentence on remand. Appellant, having been previously convicted of the offense of

aggravated rape, was sentenced to a term of 75 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single point of error, Appellant asserts denial of his due process rights protected by the Fourteenth Amendment to the United States Constitution. We reverse the judgment of the trial court and remand for punishment only.

## I. PROCEDURAL HISTORY

Appellant was originally convicted on October 21, 1982 of the offense of aggravated rape. See Tex.Penal Code Ann. § 21.03 (repealed 1983).[1] Punishment was assessed by a jury at 50 years' confinement in the Texas Department of Corrections. The original conviction was reversed by this Court on the basis of ineffective assistance of counsel, and the cause remanded for retrial. *San Roman v. State*, 681 S.W.2d 872 (Tex.App.—El Paso 1984, pet. ref'd). On remand, Appellant entered a plea of guilty to the offense of aggravated rape. On July 14, 1986, the trial court assessed punishment at 50 years' confinement in the Texas Department of Corrections. No direct appeal was taken from this second conviction. In a post-conviction writ of habeas corpus proceeding, the Texas Court of Criminal Appeals set aside the second conviction on the ground that his plea of guilty was not voluntarily entered. *See Ex parte San Roman*, 778 S.W.2d 471 (Tex.Crim.App.1989). Thereafter, on retrial held May 9, 1990, Appellant was once again convicted of the offense of aggravated rape. The trial court assessed punishment at 75 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On review, this Court reversed as to punishment only and remanded the case to the district court "for retrial of the punishment stage based on the evidence on the record and in accordance with the requirements of *North Carolina v. Pearce* and this opinion." *San Roman v. State*, 815 S.W.2d 785, 789 (Tex. App.—El Paso 1991, no pet.). On March 16, 1992, at retrial on the punishment stage, the trial court once again assessed

punishment at 75 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. It is from the assessment of that last sentence that Appellant has perfected this appeal.

## II. DISCUSSION

█ In the simplest of terms, the Due Process Clause of the Fourteenth Amendment prohibits a state trial court from imposing a heavier sentence upon a defendant for the explicit purpose of punishing the defendant for having succeeded in getting his or her original conviction set aside by appeal. *North Carolina v. Pearce*, 395 U.S. 711, 723, 89 S.Ct. 2072, 2090, 23 L.Ed.2d 656 (1969).

A modest review of the record before this Court in the instant case clearly establishes an inability at best, or unwillingness at worst, on the part of the Assistant District Attorney to recognize the mandates of both the United States Supreme Court in *Pearce* as well as the earlier opinion of this Court in *San Roman v. State*, 815 S.W.2d at 789.

In the last reversal of the punishment assessed in Appellant's aggravated rape, *San Roman v. State*, 815 S.W.2d at 789, this Court clearly and concisely noted that *Pearce* held that:

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant **occurring after the time of the original sentencing proceeding.** And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. [Emphasis added].

*North Carolina v. Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081; *San Roman v. State*, 815 S.W.2d at 789.

█ The rationale for the *Pearce* rule is simply to prevent the fear of vindictiveness

---

1. Now see Tex.Penal Code Ann. § 22.021 (Vernon 1989).

against a defendant, for having successfully attacked his first conviction, or the chilling of the defendant's decision to appeal.[2] *North Carolina v. Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080; *United States v. Colunga*, 812 F.2d 196, 199 (5th Cir.1987); *Wiltz v. State*, 827 S.W.2d 372, 373 (Tex.App.—Houston [1st Dist.] 1992, pet. granted). Unless there is evidence that a defendant's subsequent conduct justifies an increase, a trial court on remand may not assess greater punishment than was assessed in the first trial. *North Carolina v. Pearce*, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081; *Bingham v. State*, 523 S.W.2d 948 (Tex.Crim. App.1975); *Wiltz v. State*, 827 S.W.2d at 373.

The record at the "last" resentencing of Appellant in the instant case reveals the following bizarre oration by the Assistant District Attorney:

> [The State]: Your Honor, I have read North Carolina versus Pearce and I understand what it stands for. It stands for the proposition that a trial Court should not give a higher sentence to a Defendant just for the mere fact that the Defendant has appealed the case.
>
> However, case law, and I do not have it with me, case law in the State of Texas is clear. When there are two different sentencers, as in this case, where I believe [Former District Judge] was a sentencer in this case, when we have two different sentencers, the presumption of the vindictiveness does not apply.
>
> Other factors come into play, but the Court of Appeals' opinion, they presumed that this Court was vindictive when it handed a higher sentence and I believe the Court of Appeals was in error in finding that because there were, in fact, different sentencers in this case.
>
> I can't stand up here with a straight face and tell this Court that it's the position of the State that this Court is not limited to the original sentence handed down in this case, Your Honor.
>
> .    .    .    .    .
>
> The Court of Appeals has not heard the evidence presented. They are trying to be a trier of facts from an appellate level and that is wrong. They did not have an opportunity, as [Defense Counsel] and I did not have the opportunity, to see or hear the evidence.
>
> I believe that in this case, the Court of Appeals has erred in two ways. In the reading of North Carolina versus Pierce [sic] with regard to the presumption of vindictiveness and with regard to telling this Court that they are in a better position to see the evidence and to hear the evidence.
>
> They're an appellate Court and not a trial Court and the State is asking this Court to resentence him to the 75 years this Court has previously given.

Based upon the above representations made by the State, the trial court resentenced Appellant to 75 years' imprisonment in the penitentiary. The record does reveal that the trial court did recite on the record the essential factual data upon which the increased sentence was based. Specifically, the record shows that the trial court, in reassessing punishment, carefully scrutinized the events which constituted the commission of the offense, and more importantly, fully considered the effect of Appellant's crime on his intended victim.

▇▇▇ This Court has previously held that testimony concerning the nature and circumstances of a crime and its effect on the victim is admissible. Such victim impact evidence is admissible to aid the fact finder in properly considering the full extent of the damage done to a victim, including the pain endured by a victim at the hands of the perpetrator. *Bennett v. State*, 831 S.W.2d 20 (Tex.App.—El Paso 1992, no pet.), *citing Miller-El v. State*, 782 S.W.2d 892, 897 (Tex.Crim.App.1990);

---

**2.** While *North Carolina v. Pearce* provides that due process requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial, the record reveals absolutely no indication that the trial court in the instant case assessed a greater punishment at retrial out of any such vindictiveness.

*Ortiz v. State,* 825 S.W.2d 537 (Tex.App.— El Paso 1992, no pet.); *Hernandez v. State,* 825 S.W.2d 765 (Tex.App.—El Paso 1992, no pet.). However, we find that in the instant case, the factual data recited by the trial judge was not based on conduct or events which occurred *after the time of the original sentencing proceeding,* i.e., October 21, 1982, as mandated by the United States Supreme Court in *North Carolina v. Pearce;* but rather on the outward manifestations of trauma, as related by the victim, which she suffered *at the time* Appellant's crime was perpetrated upon her.

■ The Equal Protection Clause of the Fourteenth Amendment does not place an absolute bar to the imposition of a more severe sentence upon reconviction. On retrial, the trial court is not constitutionally precluded from imposing a new sentence, whether greater or less than the original sentence, in light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." *North Carolina v. Pearce,* 395 U.S. 711, 723, 89 S.Ct. 2072, 2079; citing *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949). Such information may come to the trial judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record or possibly from other sources, including victim impact evidence made apparent *subsequent* to the imposition of the original sentence.[3] *North Carolina v. Pearce,* 395 U.S. at 723, 89 S.Ct. at 2079.

Insofar as the record before us establishes that the factual data recited by the trial judge was not based on conduct or events which occurred *after the time of the original sentencing proceeding,* i.e., October 21, 1982, Appellant's sole point of error is sustained.

The judgment of the trial court is reversed as to punishment only. Tex.Code Crim.Pro.Ann. art. 44.29(b) (Vernon Supp. 1992). The case is once again remanded for retrial of the punishment stage, such retrial to be based on the evidence adduced at the original punishment proceedings conducted October 21, 1982, as well as evidence otherwise admissible in accordance with this opinion.

---

**3.** While a defendant, at a subsequent trial on punishment, may present evidence seeking to have a lesser punishment assessed, the proper use of victim impact evidence, when otherwise admissible, serves to balance the mitigating evidence allowed for the defendant against the long term effect of victimization, if any. *See Miller–El v. State,* 782 S.W.2d 892, 897 (Tex. Crim.App.1990); *Bennett v. State,* 831 S.W.2d 20

(Tex.App.—El Paso 1992, no pet.); *Ortiz v. State,* 825 S.W.2d 537 (Tex.App.—El Paso 1992, no pet.); *Hernandez v. State,* 825 S.W.2d 765 (Tex. App.—El Paso 1992, no pet.). This is not to imply that the holding of this opinion requires, or even suggests, the admission of victim impact evidence absent a proper balancing of the defendant's due process rights.