James Michael MARLES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–94–00629–CR to 04–94–00632–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 10, 1996.

Rehearing Overruled March 15, 1996.

Rick Cohen, Dallas, for Appellant.

Patricia Poppoff Noble, Assistant District Attorney, Dallas, for Appellee.

Before LOPEZ, HARDBERGER and JOHN F. ONION, Jr. (Assigned), JJ.[1]

HARDBERGER, Justice.

This case decides the heretofore undecided question of whether the act of defecating in one's pants upon being informed of a pending criminal charge is a relevant fact for the jury. It also decides whether a witness's description of the event is of such damage to the defendant's chance of a fair trial as to cause a reversal even when the trial judge sustains the objection and instructs the jury to disregard.

The state claims the act of defecating in one's pants is an "excited utterance" and therefore is admissible as nonverbal conduct. The defendant says that the mere mention of this social faux pas is so devastating that no amount of curative jury instruction can be effective in removing the stink from the jury box. And, he adds, the prosecutor "deliberately elicited this harmful testimony."

This unprecedented, or at least unreported, state of affairs grows out of a charge against James Marles, appellant, of four counts of aggravated sexual assault of a child. He plead not guilty, was tried by a jury who found him guilty and assessed punishment of 16 years confinement in the penitentiary, the various convictions running concurrently. Marles appeals the convictions with three points of error. We will discuss each.

### The Defecation Issue

Before his arrest Marles was, apparently, a well-liked teacher's aide. He was arrested at his place of employment. The prosecution's witness, present at the time of the

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

arrest, was Detective Lana Kirkhum. In the pertinent part of the testimony, the State was questioning Kirkhum on direct:

Q: What, if anything, happened when you arrested him?

A: Well, it was at a school. We called him into the office of the principal, informed him that I had a warrant for aggravated sexual assault of a child and he defecated in his pants.

Defense counsel objected and there was an out-of-court hearing in which defense counsel argued that the comment was extremely prejudicial. After hearing both sides the court sustained the objection on the grounds of relevancy. Upon request by defense counsel, she also instructed the jury to disregard the comment. She refused to grant a mistrial, though, and the defendant complains.

Interestingly enough, although he had won the motion to disregard, Marles, when he took the stand in his own defense, denied that he had defecated in his pants upon arrest. The state then argued the event in its jury argument.

 The relevance of this memorable evidence can be debated. The question itself was not improper. The objection really went to the last part of the witnesses answer. Many nonverbal actions of a defendant at the time of arrest are relevant and admissible. Tex.R.Crim.Evid. 401. If a defendant flees when the officer announces the arrest this evidence is admissible. Evidence of flight is admissible as a circumstance from which an inference of guilt may be drawn. *Foster v. State,* 779 S.W.2d 845, 859 (Tex.Crim.App. 1989). Flight is not less relevant if it is only flight from custody or to avoid an arrest. *Id.* Thus, if appellant here had fled out the window or run out the principal's door, that nonverbal act would have been admissible. If a defendant cries upon announcement of arrest is that not relevant under any circumstances? Rule 401 provides that "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Since almost any relevant evidence offered by one side is going to be prejudicial to the opposing party,

only unfair prejudice provides the basis for excluding evidence. *Fletcher v. State,* 852 S.W.2d 271, 277 (Tex.App.—Dallas 1993, pet. ref'd). In the instant case, Marles defecated when told that he was under arrest for sexual assault and he defecated at that very time and in response to the announcement of arrest if we are to believe the state's witness. Therefore, we cannot agree that there is no relevance.

On the other hand, defecation in one's pants upon arrest does not necessarily indicate guilt. Such an act could be evidence of the innocence of a man accused of a heinous crime he didn't do. It would be analogous to fainting upon being arrested for a crime. Granted, it could also be the act of a guilty person being found out. Or it could simply be the act of a man sick at his stomach. It is an act without clear meaning other than it happens in defiance of social custom.

In any event, the trial court sustained Marles' relevancy objection and instructed the jury to disregard. This instruction cured any possible error. *See Stoker v. State,* 788 S.W.2d 1, 13 (Tex.Crim.App.1989), *cert. denied* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987). Furthermore, the statements made in this case were not clearly calculated to inflame the minds of the jury nor were they of such a character that the impression produced on the minds of the jurors could not be withdrawn. *Id.*

 Marles also complains about the prosecutor's reference to this incident during closing argument. Although this is a multifarious point of error, we will briefly address the second argument. Marles, after the instruction to disregard, denied that he defecated in his pants at the time of the arrest. After Marles' denial, it was his own attorney who first argued this evidence to the jury. The State responded to this argument. *See Borjan v. State,* 787 S.W.2d 53, 55 (Tex.Crim. App.1990). There was no reversible error in the jury argument, although both sides were disregarding the court's instruction to disregard. We overrule this point of error.

### The State's Opinion of Witnesses

In this point of error, Marles claims that the trial court erred in overruling the motion for mistrial after Detective Kirkum testified that the youthful complainants gave detailed statements to her and that she found them credible. The objection, which preceded the mistrial motion, stated: "I object to that question and response. It calls for this witness to comment on the truthfulness. Invades the province of the jury." The objection was sustained, the jury was instructed to disregard the answer, but the mistrial motion was denied. On cross-examination of Detective Kirkum, Marles' attorney, despite the earlier instruction to the jury to disregard, revisited the same evidence questioning her belief in the correctness of Marles' arrest. She responded that she had acted correctly since the boys appeared truthful.

■■■ Improper admission of evidence is harmless and not reversible error when the same facts are proven by the defendant or other unobjected-to testimony. *See Anderson v. State,* 717 S.W.2d 622, 626–27 (Tex.Crim.App.1986); *Ybarra v. State,* 890 S.W.2d 98, 115 (Tex.App.—San Antonio 1994, pet. ref'd); *Miranda v. State,* 813 S.W.2d 724, 739 (Tex.App.—San Antonio 1991, pet. ref'd). Thus, in addition to the trial court's instructions to disregard, Marles personally went into the same subject matter of which he now complains. There is no reversible error. It is also important to note that Marles personally took the witness stand and denied all sexual offenses and improper conduct. His testimony sharply contradicted that of the two boys. Kirkum's testimony, now complained of, may well then have become admissible and rendered the premature admission of such evidence, if error, harmless. *See Siqueiros v. State,* 685 S.W.2d 68 (Tex.Crim.App.1985); *Rubio v. State,* 607 S.W.2d 498 (Tex.Crim.App.1980). As a general rule, the State is entitled to present, on rebuttal, any evidence that tends to refute the defensive theory and evidence introduced to support that theory. *Schweinle v. State,* 893 S.W.2d 708 (Tex.App.—Texarkana 1995).

■■■ Marles also claims that this evidence constituted improper bolstering. First we note that Marles did not actually use the word "bolster" in his objection to the testimony at trial. Perhaps what occurred meets the definition of "bolstering." *See Pless v. State,* 576 S.W.2d 83, 84 (Tex.Crim.App. 1978); *see also Cohn v. State,* 849 S.W.2d 817, 819 (Tex.Crim.App.1993). Under any circumstances, whatever objection was made, the error, if any, was cured by the trial court's instruction to disregard. *See Stoker v. State,* 788 S.W.2d 1, 13 (Tex.Crim.App. 1989), *cert. denied* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990). We also note that "bolstering" may no longer be an effective objection. *See Cohn v. State,* 849 S.W.2d 817, 821 (Tex.Crim.App.1993) (Campbell, J., concurring) (discussing viability of bolstering objection post-Rules of Evidence). We overrule the point of error.

### Lesser Included Offense

■■■ In his third point of error, Marles complains that the trial court erred in failing to submit his requested charge on the lesser included offense of indecency with a child. In order to be entitled to a charge on a lesser included offense, defendant must show (1) that the lesser offense is included within the proof of the offense charged and (2) that there is some evidence that he, if guilty, is guilty only of the lesser included offense. *Gibbs v. State,* 819 S.W.2d 821, 832 (Tex.Crim.App.1991), *cert. denied,* 502 U.S. 1107, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992). Indecency with a child is a lesser included offense of aggravated sexual assault. *See Cunningham v. State,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987); *Pullin v. State,* 827 S.W.2d 1, 3 (Tex.App.—Houston [1st Dist.] 1992). However, Marles also must show that there is some evidence in the record that if he is guilty, he is only guilty of the lesser-included offense. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim. App.1981).

■■■ In support of the second part of the *Royster–Aguilar* test, Marles calls attention to evidence of one boy, Jason Layne, that Marles masturbated in his presence at a gas station, at Jason's house, and at Marles' home. The episodes at the gas station, at

Marles' house, and at James' house happened on different dates than the four charged offenses. Thus, they cannot be considered evidence of lesser included offenses. Also, Marles testified and denied the offenses he was charged with and any improper conduct. If an appellant has presented evidence at trial that he committed no offense at all, a charge on the lesser-included offense is not required. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *McKinney v. State,* 627 S.W.2d 731, 732 (Tex.Crim.App. 1982); *McCardell v. State,* 557 S.W.2d 289, 290 (Tex.Crim.App.1977); *San Roman v. State,* 815 S.W.2d 785, 788 (Tex.App.—El Paso 1991). If the evidence raises the issue of whether the accused is guilty only of charged offenses or not guilty of any offense whatsoever, a charge on the lesser included offense is not required. *Williams v. State,* 796 S.W.2d 793, 799 (Tex.App.—San Antonio 1990); *San Roman v. State,* 815 S.W.2d at 788. In this case, there was no evidence that if Marles was guilty, he was guilty only of indecency with a child. We overrule his third point of error.

We affirm the judgments of convictions.