Opinion issued January 20, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

No. 01-09-00433-CR

———————————

Eduardo santamaria, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 183rd District Court

Harris County Texas



Trial Court Cause No. 1143377



 

MEMORANDUM OPINION

          Appellant,
Eduardo Santamaria, appeals a judgment convicting him for indecency with a
child by contact.  See Tex. Penal Code Ann. § 21.11
(Vernon Supp. 2009).  Appellant
pleaded not guilty.  A jury found appellant
guilty and assessed his punishment at four years, six months in prison.  In three issues, appellant contends that the
trial court erred in denying his motion for a mistrial when an expert witness
for the State improperly testified the complainant was credible and that the
evidence is legally and factually insufficient to support appellant’s
conviction.  We conclude that the trial
court’s instruction to disregard the improper comment was sufficient to cure
any error resulting from improper testimony and that the evidence is sufficient
to support appellant’s conviction.  We affirm.

Background

          Around
2006, when the complainant was approximately eleven years of age, she and her
sister lived in their father’s house in a room shared with their stepsister.  The room held a bunk bed; the complainant and her
sister slept on the larger bottom bunk, and their stepsister slept on the top bunk.
 Around 2 or 3 a.m. on the day of the
incident, the complainant awoke when her sister got up to use the bathroom.  The complainant quickly fell back asleep but
awoke again when she heard the door open, thinking it was her sister returning
to bed.  The complainant felt somebody
get into bed with her.  She then felt a
man’s hand on her leg moving up, outside of her shorts, to her hip.  Scared, she moved away to “let her [sic] know
that I’m here,” causing the man to momentarily back off and just lie in bed
next to her for a while.  Soon afterwards,
however, the man returned his hand to her hip and proceeded to move it
underneath her shorts, placing his hand on her genitalia.  His hand stayed there until the complainant’s
sister returned from the bathroom and started questioning and arguing with the
man in the bed.  At this point, the
complainant knew that the man was appellant, her uncle. 

          The
complainant did not tell her sister about the touching by appellant because she
feared that her sister would be angry with her.  It was not until approximately two years
later, when the sisters were living with their mother, that the complainant
finally told her sister.  The complainant
said that at the time, they were sitting outside on the porch.  The complainant later told her mother while she
was riding in the car with her mother and her mother’s boyfriend, who was
driving to drop off her mother at work.  A
few days later, the complainant’s mother took her to the police station to
report the matter. 

          The
complainant’s sister testified at trial that she did not recall an incident
where she found appellant in bed and questioned him.  She recalled only one incident where appellant
came into their bedroom late one night at around 12 or 1 a.m.  She and the complainant were in bed, and the
door opened to reveal her uncle, but she assumed he was just checking up on
them and went back to sleep.  Additionally, she remembers that
while they were inside her room and not out on the porch, the complainant told
her about the incident where appellant touched the complainant.  Lastly,
she testified that the complainant told their mother while at home, not in the
car. 

          The
complainant’s mother  testified that the
complainant told her about the incident while they were in the car driving to the
sisters’ father’s house, not to drop her off at work.  According to the complainant’s mother, the
only people in the car at the time were the complainant, the complainant’s
sister, and herself.  Upon hearing the
complainant’s account of the incident, she immediately pulled over and called
to report it.  She then dropped off the sisters
at their father’s house.

          The
investigating officer, Houston Police Officer Bailey, testified that she met
with the complainant, the complainant’s sister, and their mother.  When asked on direct examination about the
complainant’s demeanor during the initial interview, Bailey claimed, “I found
her to be a credible child[.]”  Defense
counsel immediately objected, and the trial court sustained the objection and
instructed the jury to disregard the statement from the witness.  Defense counsel then moved for a mistrial,
which the court denied.  However, the
court repeated its instruction that the jury should disregard the officer’s last
statement.

          Appellant
testified at trial.  While he admitted
occasionally spending the night at the complainant’s house, he denied having
done so at any point during the three year period of time from 2004 to 2007.  He also denied ever inappropriately touching the
complainant. 

Motion for Mistrial

          In
his first issue, appellant contends that the trial court abused its discretion
when it denied his motion for a mistrial after the State’s expert witness,
Officer Bailey, testified that the child-complainant was credible.

A.              
Standard of Review

We review the denial of a motion
for mistrial under an abuse-of-discretion standard.  Hawkins
v. State, 135 S.W.3d 72, 76–77 (Tex. Crim.
App. 2004); Davis v. State, 177
S.W.3d 355, 363 (Tex. App.—Houston
[1st Dist.] 2005, no pet.).  Under this
standard, an appellate court must uphold the trial court’s ruling as long as
the ruling is within the zone of reasonable disagreement.  Wead v.
State, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  “A mistrial is a device used to halt trial
proceedings when error is so prejudicial that expenditure of further time and
expense would be wasteful and futile.”  Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim.
App. 2000) (quoting Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999)).  It is appropriate only for “a narrow class of
highly prejudicial and incurable errors.”  Id.;
see also Hawkins, 135 S.W.3d
at 77.  Thus, a trial court properly
exercises its discretion to declare a mistrial when, due to the error, an
impartial verdict cannot be reached or a conviction would have to be reversed
on appeal due to “an obvious procedural error.”  Wood,
18 S.W.3d at 648.

Where, as here, the trial court
sustains an objection and instructs the jury to disregard but denies a
defendant’s motion for a mistrial, the issue is whether the trial court abused its
discretion in denying a mistrial.  Hawkins, 135 S.W.3d at 77.  In determining whether the trial court abused
its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the certainty of
conviction absent the misconduct.  Id. at 75.  Only in extreme circumstances, where it
appears that the question or evidence is clearly calculated to inflame the
minds of the jury and is of such character as to suggest the impossibility of
withdrawing the impression produced on the jurors’ minds, will a mistrial be
required.  Kelley v. State, 677 S.W.2d 34, 36 (Tex. Crim. App. 1984).

B.      Applicable Law

A witness’s testimony is admissible
as expert testimony only if it “will assist the trier of fact to understand the
evidence or to determine a fact in issue . . . .”  Tex.
R. Evid. 702.  However, a
witness’s direct opinion on the truthfulness of a child does not assist the
jury in determining whether the child’s allegations are in fact true; rather,
it impermissibly “decides [the] issue
for the jury.”  Yount
v. State, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993) (emphasis in original);
see also Lopez v. State, 315 S.W.3d 90, 100 (Tex. App.—Houston [1st Dist.] 2010, pet. granted).  Thus, an expert witness’s bare opinion testimony
that he believes, or believed, a child complainant’s testimony to be true is
excludable.  See Tex. R. Evid. 702;
Yount, 872 S.W.2d at 708; Lopez, 315 S.W.3d at 100.  However, “[t]estimony by an expert witness
. . . that provides useful background information to aid the jury in
evaluating the testimony of another witness is admissible.”  Bryant
v. State, No. 01-09-00200-CR, 2010 WL 3212126, at *7 (Tex. App.—Houston
[1st Dist.] Aug. 12, 2010, no pet.) (“Opinion testimony that is otherwise
admissible is not objectionable solely because it embraces an ultimate issue to
be decided by the trier of fact.”) (citing inter alia Tex. R. Evid. 704).

B.              
Analysis 

          On direct examination, the State asked its expert witness,
Officer Bailey, what the complaint’s demeanor was during their initial
interview.  Officer Bailey said, “I found
her to be a credible child[.]”  Because Officer Bailey’s answer
constitutes a direct opinion on the truthfulness
of the child-complainant’s allegations, the trial court properly excluded and
instructed the jury to disregard the testimony.  See Tex. R. Evid. 702; Yount,
872 S.W.2d at 708; Lopez, 315 S.W.3d at
100.  Appellant, however, contends that
the trial court abused its discretion by not granting his motion for a new
trial.  We now turn to the three factors set
out in Hawkins to evaluate whether
the trial court abused its discretion in denying the motion for mistrial.  See
Hawkins, 135 S.W.3d at 77.

1.                
Severity of the Misconduct

In considering
Officer Bailey’s testimony and the questions asked by the prosecution, we find
it instructive to compare the facts of this case to the facts in Fuller v. State, 224 S.W.3d 823 (Tex.
App.—Texarkana
2007, no pet.).  See id. at  835 (improper for
witness to testify that she saw nothing to indicate that child witness was
being untruthful).  Fuller involved the sexual assault of a child.  Id.  The State’s case-in-chief consisted of the
testimony of the victim and four witnesses, each of whom testified in some
manner that the victim was a truthful and credible witness.  Id.
at 837.  Further, these witnesses’ belief
in the victim’s truthfulness and credibility was emphasized during closing
argument.  Id.  The court of appeals
reversed the conviction because the trial counsel’s failure to object to the
testimony about the victim’s credibility caused the defendant harm.  Id.

This case is distinguishable. 
Here, only Officer Bailey gave testimony that could be considered as improperly
bolstering the believability of the complainant.  Trial counsel immediately objected, and neither the witness nor the prosecutor again
referred to the comment.  Further,
the prosecution’s question concerning the complainant’s demeanor does not
immediately suggest that she was seeking an answer vouching for the
complainant’s credibility.  After the
ruling on the objection, the prosecutor quickly amended her question to specify
that she was asking about the complainant’s physical demeanor.  While it was inappropriate for Officer
Bailey’s statement to refer to the complainant’s credibility, this answer fails
to constitute serious misconduct.  See In re D.J.T., No. 12-08-00378-CV, 2009 WL 2517111, at *3 (Tex. App.—Tyler, 2009, no pet.) (mem. op.) (officer’s
statement that he found child witness to be believable did not constitute
serious misconduct).

2.                
Curative Measures

Following Officer Bailey’s
statement, the court immediately instructed the jury to disregard the answer
concerning the victim’s credibility.  Furthermore,
when trial counsel requested the mistrial, the trial court reemphasized to the
jury to disregard the pertinent statements. 
We presume that the jurors follow the trial court’s instructions.  See Wesbrook v. State, 29 S.W.3d 103, 116
(Tex. Crim. App. 2000); Carter v. State,
614 S.W.2d 821, 824–25 (Tex. Crim.
App. 1981) (instruction to disregard normally cures error, except in extreme
cases where it appears that evidence is clearly calculated to inflame minds of
jurors and is of such character as to suggest the impossibility of withdrawing
impression produced on jurors’ minds); see
also Marles v. State, 919 S.W.2d 669, 672 (Tex. App.—San Antonio 1996, pet. ref’d) (any error from
detective’s statements that two boys “appeared truthful” and that she found
them “credible” was cured by trial court’s instruction to disregard); McDonald v. State, 148 S.W.3d 598, 603 (Tex.
App.—Houston [14th Dist.] 2004), aff’d, 179 S.W.3d 571 (Tex. Crim. App.
2005) (prosecutor’s statement that child was “very believable” sufficiently
cured by instruction to disregard).  Moreover,
the trial court’s attention to this issue supports the presumption that the
jury followed their instructions to disregard the inappropriate questions and
answers.  

3.                
Certainty of Conviction Absent Misconduct

In sexual abuse cases, the
testimony of the child victim alone is sufficient to support the conviction.  See Tex. Code Crim. Proc. Ann. Art. 38.07
(Vernon 2005); Tran v. State, 221
S.W.3d 79, 88 (Tex. App.— Houston
[14th Dist.] 2005, pet. ref’d); Perez v.
State, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref’d).  Here,
complainant’s testimony recited all the required elements of indecency with a
child.  The jury was able to hear the
testimony from both the complainant and appellant in making its own independent
judgment as to the veracity and credibility of the witnesses.  Officer Bailey’s isolated comment was not of
such a “damning character” that it would leave an impression on the minds of
the jury that was likely to override their ability and cause the jury to
convict when it otherwise would not.  See Kemp v. State, 846 S.W.2d 289, 308
(Tex. Crim. App. 1992).  Evidence that
the investigating officer believed the child would not greatly impact the jury,
which would have likely surmised that from the fact that the officer pursued
the criminal charges.  

After balancing all of the factors,
we hold that the trial court did not abuse its discretion in overruling appellant’s
motion for mistrial.  While we agree that
Officer Bailey improperly opined that she found the complainant to be “a
credible child,” a mistrial is required only in extreme circumstances where the
prejudice is incurable.  See Archie v. State, 221 S.W.3d 695, 699
(Tex. Crim. App. 2007).  In the context
of this case, we cannot conclude that Officer Bailey’s improper statement, standing
alone, caused the kind of incurable prejudice that could not be adequately
addressed by the trial court’s repeated instructions to the jury to disregard.  See D.J.T,
2009 WL 2517111 at *3; Marles,
919 S.W.2d at 672; see also Carter,
614 S.W.2d at 824–25.

We overrule appellant’s first
issue. 

Sufficiency of the Evidence

In his second and third issues,
appellant challenges the legal and factual sufficiency of the evidence to
support his conviction for indecency with a child.  Specifically, appellant argues that the
evidence is insufficient because it contains multiple contradictions from the
testimonies of several of the witnesses. 

A.              
Law Relating to Indecency with a Child

          A
person commits indecency with a child if he engages in sexual contact with a
child who is younger than seventeen years of age.  Tex.
Penal Code § 21.11(a)(1) (Vernon Supp. 2009).  Sexual contact is “any touching . . . of the
anus, breast, or any part of the genitals of a child” if done with the intent
to arouse or gratify the sexual desire of any person.  Tex.
Penal Code § 21.11(c)(1).  The intent to arouse or gratify may
be inferred from the defendant’s conduct. 
McKenzie v. State, 617 S.W.2d
211, 216 (Tex. Crim. App. 1981).  As
noted above, a child’s testimony alone
is sufficient to support a conviction for indecency with a child.  See Tex. Code Crim. Proc. Ann. Art. 38.07; Tran, 221 S.W.3d at 88; Perez, 113 S.W.3d at 838.

B.              
Standard of Review

This Court now reviews both legal and factual sufficiency
challenges using the same standard of review. 
Ervin v. State, No.
01-10-00054-CR, 2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. filed) (construing
majority holding of Brooks v. State, 323
S.W.3d 893, 912, 926 (Tex. Crim. App. 2010)).  Under this standard, evidence is
insufficient to support a conviction if considering all the record evidence in
the light most favorable to the verdict, no rational factfinder could have
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim.
App. 2009); Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Viewed in the light
most favorable to the verdict, the evidence is insufficient under this standard
in two circumstances:  (1) the record
contains no evidence, or merely a “modicum” of evidence, probative of an
element of the offense; or (2) the evidence conclusively establishes a
reasonable doubt.  See Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786,
2789 & n.11; Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750.  Additionally, the evidence is
insufficient as a matter of law if the acts alleged do not constitute the
criminal offense charged.  Williams, 235 S.W.3d at 750.

If an
appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  See Tibbs v.
Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218
(1982).  An
appellate court determines whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict. 
See Clayton
v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007) (citing Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).  In viewing the record, direct and
circumstantial evidence are treated equally; circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Id.
(citing Hooper, 214 S.W.3d at
13).  An appellate court presumes that the factfinder
resolved any conflicting inferences in favor of the verdict and defers to that
resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court also defers to the factfinder’s evaluation of the credibility
of the evidence and weight to give the evidence.  See Williams, 235 S.W.3d at 750.

C.      Analysis

Appellant contends that his
conviction should be reversed because the complainant’s testimony was so
contradictory to that of the State’s other witnesses that the evidence
presented was insufficient to find guilt beyond a reasonable doubt.  Appellant points to conflicting testimony
regarding what happened in the bedroom from the State’s two witnesses who
testified about it.  The complainant
testified that appellant entered her bedroom between two and three in the
morning, while her sister was in the bathroom.  The complainant further testified that after
appellant slipped into the bed, her sister returned from the bathroom and had
an argument with appellant, after which he left.  However, the complainant’s sister testified
that she did not recall ever finding appellant in bed with the complainant or
having an argument with appellant.  The
only time she remembered appellant in their room at night was one time around
midnight when she awoke to see him standing in the door, after which she fell
back asleep.

Additionally, appellant contends
that the positioning of the bed against the wall would make it difficult, if
not impossible, for the complainant’s sister to not notice appellant if he did
in fact get into the bed with the complainant.  The complainant and her sister slept in the
same bed, with the complainant sleeping on the side closer to the wall.  The complainant’s sister never felt anyone get
in or near the bed.  Appellant suggests the
complainant’s sister would have felt something had he stepped over her and lain
between the girls.  Appellant contends
that if the complainant’s sister got up and returned from the bathroom, as the
complainant testified, then the complainant’s sister would have remembered the
event, but she did not.  Additionally,
their stepsister, who slept in the upper bunk, never recalled the appellant
even being in the room. 

Furthermore, appellant points to
conflicting testimony regarding how and when the complainant told her family
about the incident.  The complainant
claims that she told her sister on the front porch and her mother while they
were driving.  The complainant’s sister
said that the complainant first told her when they were in their room and that the
complaint told their mother a couple of hours later in the apartment.  The complainant’s mother claimed that the
complainant told her on the way to the girls’ father’s house. 

Lastly, appellant points to the
jury’s “light compromise sentence” of four and a half years as evidence that
the jury had considerable doubt about the appellant’s guilt. 

It was within the province of the
jury to make weight and credibility determinations, and we must give deference
to the jury’s resolution of those issues.  Marshall
v. State, 210 S.W.3d 618, 620 (Tex. Crim. App. 2005).  Here, despite the conflicts with the testimony
of other witnesses, the complainant’s testimony recited every element required
to prove indecency with a child.  The
complainant testified that before she was seventeen years old, appellant
entered her room, got into bed with her, and touched her on the hips and
underneath her shorts on her genitalia. 
This evidence establishes the offense of indecency with a child.  See
Billy v. State, 77 S.W.3d 427 (Tex. App.—Dallas
2002, pet. ref’d) (holding that child-complainant’s testimony that she woke to
find defendant’s hand in her panties was legally sufficient to sustain
conviction).  

We may not reevaluate the jury’s decision concerning the
credibility of the witnesses and thereby substitute our judgment for theirs.  See Williams, 235 S.W.3d at 750.  Reviewing
the evidence in the light most favorable to the verdict, we hold that a
rational jury could have found the essential elements of the offense beyond a
reasonable doubt.  See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Thus, we hold that
the evidence is sufficient to sustain appellant’s conviction.

We overrule appellant’s second and third
issues. 

Conclusion

          We affirm
the conviction.

 

                                                                   

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).